Finn, J.
We granted leave to appeal to the New York State Civil Service Commission and the Industrial Commissioner (hereafter referred to as the appellants) to consider the frequently recurring question of job reclassification without examination. The importance of the question in this instance is indicated by the submission of a brief amicus curies by the United States Secretary of Labor.
The petitioners in these two article 78 proceedings — one brought by Goldhirsch and the other by Kelly — hold competitive Civil Service positions as Employment Interviewers and Senior Employment Interviewers in the Division of Employment of the New York State Department of Labor which is part of the federally financed Federal-State Employment Service System. The petitioners sought to be “ covered in ”, without examination, to the positions of Employment Counselor and Senior Employment Counselor which were created in the Division pursuant to the recommendations of the United States Department of Labor. The present proceedings were instituted following the appellants’ refusal to reclassify the petitioners without a competitive examination.
The Goldhirsch petitioners, who hold informal and unofficial titles as Employment Counselors and Senior Employment Counselors and who sue on behalf of themselves and over a hundred others similarly situated, maintain that they have been performing counseling duties similar to those prescribed for the new Counselor titles or positions. For this reason, they declare, the *182 reclassification of tlioir present positions would constitute not a promotion requiring a competitive examination but simply a “ title structure change ’ ’. The Kelly petitioners, on the other hand, who represent more than a thousand others similarly situated, contend that the duties of all Interviewers and Counselors are the same or interchangeable. They, therefore, urge that all the petitioners, not just those in the position of the Goldhirsch applicants, be slotted into the new titles without examination. The courts below held that the appellants’ refusal to do this was arbitrary and capricious and the matter was referred back to the Civil Service Commission to “ reclassify the petitioners ” to the positions of Employment Counselor and Senior Employment Counselor without “ re-examination. ”
In our judgment, the positions of Interviewer and Counselor are quite different and, indeed, these differences are plain to be seen when the duties of the positions, as described in the respective examination notices, are compared:
Interviewer
Duties: An Employment Interviewer interviews, counsels, classifies and refers applicants to jobs; ascertains and fills employers ’ labor needs. He secures, interprets, and disseminates labor market information and occupational data; provides industrial services to employers, and develops job opportunities for applicants. He personally visits or solicits employers by telephone to promote use of the Employment Service and to secure job orders for workers. He administers, scores and evaluates proficiency and aptitude tests. He may act as an employment representative in a local unemployment insurance office.
Counselor
Duties : Under supervision, an Employment Counselor provides complete counseling service to applicants in need of special assistance in determining and realizing their highest occupational potential. He interviews such applicants to determine counseling needs and assists applicants to arrive at an appropriate vocational choice; he refers applicants to appropriate job openings on file with the Employment Service or to appropriate training-courses, and participates in developing job opportunities. He identifies the existence of problems outside the scope of the Employment Service and refers applicants to appropriate *183 community, educational or government agencies. He keeps records of counseling interviews, and performs the necessary follow-up to determine suitability of placements and extent of vocational adjustment. An Employment Counselor may cooperate with representatives of educational institutions at both secondary and college level to provide information and to promote joint efforts in the counseling and job adjustment of youth, and to interpret to appropriate groups of the public the vocational needs and potential of special applicant groups. He may also serve the local office or district office staff assigned to the Manpower program by the counseling and testing of applicants interested in training under the Manpower program.
It is manifest, from this comparison, that the only place where the duties of the two positions overlap is in the area of job placement. The duties of Interviewers, however, are restricted to activities directly relating and leading to such placement. Counselors’ duties, on the other hand, cover a wide area of professional counseling which includes, in addition to placement, vocational guidance, rehabilitation and job follow-ups. This being so, the use of the word “ counsels ” in the description of the duties of Interviewers, reasonably read, can only have reference to what is known as “ placement advising ” and not to professional counseling as it is commonly understood. (Cf. Report of Select Subcommittee on Labor [December, 1964], “ The Role and Mission of the Federal State Employment Service in the American Economy ”, p. 12, n. 5.)
*184 The Goldhirsch petitioners, however, allege that they have been performing, as “ in-title ” work, the same type of counseling duties as those prescribed for the new Counselor positions. They point to special Services and Programs which they staff, the additional courses which they have taken to qualify for their duties and the recognition assertedly given their “ status ” by the Director of Classification and Compensation of the State Department of Civil Service. They insist, as indicated, that the reclassification of their positions from Interviewers to Counselors would simply be a “ title structure change ’ ’, the better to describe their duties and that the reallocation of their positions to a higher salary grade would not call for a competitive examination since such a reallocation, without a change in duties, would not entail a promotion.
Even if we were to assume that the G-oldhirsch petitioners are in some instances providing professional counseling services, we see no escape from the conclusion that in so doing they are performing impermissible “ out-of-title ” work. They qualified by examination for, and were appointed to, the positions of Employment Interviewer and Senior Employment Interviewer. As noted, their duties, basically, are to interview and test employees and find positions for them. They do not include vocational guidance or the identification and appropriate referral of problems outside the scope of the Employment Service or job follow-ups and the like, all of which (as we have noted) are listed as the duties of Counselors. (See, also, Report of Select Subcommittee on Labor [December, 1964], “ The Role and Mission of the Federal-State Employment Service in the American Economy ”, p. 11 et seq.)
In short, their situation resembles that of the park supervisors in Matter of Carolan v. Schechter (7 N Y 2d 980) and Matter of Niebling v. Wagner (12 N Y 2d 314) who, we held, could not be reclassified to higher positions without examination since the duties which they had been performing — involving greater responsibility, increased prestige and higher pay— were “ out-of-title ”. We pointed out that the “higher pay and heavier responsibility of the petitioners did not grow out of the nature of their work as prescribed by the job specifications ” for their positions and emphasized our disapproval of a reclassification of positions based on out-of-title work (12 N Y *185 2d, at p. 320). Quoting from the opinion of the Appellate Division in Matter of Mandle v. Brown (4 A D 2d 283, 286, affd. 5 N Y 2d 51), the court wrote: “ ‘ If “ out-of-title ” work was invalidly imposed upon or assumed by the incumbents prior to the reclassification, it may not be validated by a reclassification which is based thereon. This means that one may not deliberately manipulate a reclassification simply by first imposing or assuming new duties and responsibilities, and then thereby avoid the necessity for filing vacancies by promotion by reclassifying the added duties and responsibilities ’ ” (12 N Y 2d, at p. 320).
Similarly, in the case before us, even though no “ deliberate ” manipulation was involved, any counseling duties which the Goldhirsch petitioners were performing did not constitute in-title work. They may not, therefore, obtain a reclassification of their positions to those of Employment Counselor and Senior Employment Counselor without taking a promotional examination.
We find the reliance of these petitioners on such cases as Matter of Mandle v. Brown (5 N Y 2d 51, supra) and Matter of Clare v. Silver (4 N Y 2d 107) misplaced. The Mandle case, for instance, involved attorneys in the New York City Corporation Counsel’s office with the title, simply, of Grade 4 attorneys. Because they were in an unlimited salary grade, they had, prior to reclassification, been assigned different salaries and different degrees of responsibility without taking promotional examinations. As part of a city-wide reclassification, accomplished with the aid of questionnaires and on-the-job surveys, these attorneys were assigned without examination to four new titles with varying duties and salary ranges as nearly as possible equivalent to their previous duties and salaries. The petitioners, who were assigned to the lowest of these new titles, objected on the ground that the other attorneys were obtaining promotions without examination. This court approved the reclassification, remitting the matter for a hearing only as to the validity of the particular appointments made.
In the case before us, the situation is entirely different. Unlike the petitioners in. Mandle, the Goldhirsch petitioners had not been assigned different salaries, in an unlimited salary grade, based on higher competence and specialization. Nor had there *186 been any job survey of tbeir dutiés to warrant their receiving new and higher titles, on the basis of “ equivalent ” duties and salaries, as part of an over-all reclassification. As Employment Interviewers and Senior Employment Interviewers, they had received the salaries specified for those positions within a limited salary grade. And, as indicated, their counseling services were clearly “ out-of-title ’ ’ work which did not entitle them to be slotted into higher positions without taking competitive examinations.
Other arguments urged by the petitioners have been considered by us but need no discussion.
The orders appealed from should be reversed, without costs, and the petitions dismissed.
Chief Judge Desmond and Judges Van VooRhis, Burke, Scileppi, Bergan and Keating concur.
Orders reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.