Breitel, J.
The issue is whether petitioners, seven clerks in the Supreme Court in Bronx County, are entitled to have their civil service titles converted from Court Clerk I to Court Clerk II on the ground that the reclassification under which they received their present titles ignored the equivalence of their prior duties to the present duties of the higher title. It is critical whether the prior duties performed had been lawfully performed. It is undisputed that if the prior duties had been unlawfully performed, that is, had been out-of-title, a reclassification on that basis would not be permissible. The issue arises in two proceedings under CPLB. article 78 in which petitioners sought to annul a determination of the Administrative Board of the Judicial Conference converting the pre-court-reorganization titles of each of the petitioners to Court Clerk I, and to obtain instead the higher title of Court Clerk II.
Special Term agreed with petitioners, annulled the determination, and directed the conversion of petitioners’ title to Court Clerk II. The Appellate Division, however, reversed (32 A D 2d 397),
It is concluded that petitioners are entitled to Court Clerk II classification and that, therefore, the order of the Appellate Division should be reversed and the determination of Special Term reinstated.
Prior to the 1962 court reorganization (N. Y. Const., art. VI, § 35) petitioners were classified, after competitive examination, as Assistant Special Deputy Clerks. Through 1966 they performed duties of real property actions and proceedings clerk, senior ex parte clerk, accounting clerk, condemnation clerk, courtroom clerk, certiorari clerk, and other duties. In 1966, the Administrative Board issued its Classification Plan. All titles of Assistant iSpecial Deputy Clerk, including those of petitioners, were reclassified into the title of Court Clerk I. Special *59 Deputy Clerks were reclassified as Court Clerk II, and certain functions of the Special Deputy Clerk level were assigned to noncompetitive titles of Court Clerk III and Court Clerk IV levels. The functions theretofore and still performed by the petitioners, however, were assigned to the Court Clerk II level.
The 1961 revised article VI of the Constitution dealing with court reorganization provides: “As may be provided by law, the non-judicial personnel of the courts affected by this article in office on the effective date of this article shall, to the extent practicable, be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article; and especially skilled, experienced and trained personnel shall, to the extent practicable, be assigned to like functions in the courts which exercise the jurisdiction formerly exercised by the courts in which they were employed.” (§ 35, subd. 1.)
The Judiciary Law, implementing the newly-revised judiciary article of the Constitution, in regard to nonjudicial personnel of courts not abolished provides: ‘ ‘ Officers and employees of the other courts affected by article six of the constitution, as amended, on the effective date hereof, shall be continued in their office or employment in such courts without diminution of salaries and with the same status and rights.” (§ 223, subd. 1.)
The Administrator’s chief argument in his brief and indeed the basis for the Appellate Division’s reversal, is that although the petitioners may have performed the duties now assigned to the Clerk II title, they were performed illegally, even prior to 1962, because out-of-title to their former positions. The performance of duties out-of-title, that is duties not properly subsumed under the title and description of the old position, creates no right to reclassification to new positions involving those duties, and indeed such out-of-title work is forbidden to be used as a basis for reclassification (see Matter of Goldhirsch v. Krone, 18 N Y 2d 178, 184; Matter of Mandle v. Brown, 5 NY 2d 51, 62).
The Appellate Division, in reversing, held that petitioners had not shown that the duties performed were in-title. It noted allegations in the petition that the pre-1962 assigned duties were performed by the Assistant Deputy Clerks because “ the nature, extent and volume of business * * * has made it impossible *60 for the duties, functions and responsibilities of that office to be performed by one Special Deputy Clerk ” and “ [t]hat necessarily, the performance of such duties, functions and responsibilities was required to be assigned to the numerous assistants to the Special Deputy Clerk ’ The Appellate Division concluded, therefore, that the work was performed out-of-title.
The Administrator, ip. this court, adopts this position and emphasizes that while the assignment may have been proper as a temporary measure, it was nevertheless out-of-title. (Of course, the assignment could not have been both proper and out-of-title. There is no doubt that emergencies or other special circumstances may permit the assignment of work that otherwise would be out-of-title. But persistent assignment of duties out-of-title, however economically explained, may not be confused with an incidental or emergency assignment [48 N. Y. Jur., Public Officers and Employees, § 345]).
If this issue were a valid subject of dispute, the Administrator might demonstrate, however dubiously, that the work was in fact out-of-title. Further argument on this issue is precluded, however, by the pleadings, which establish that the work was in-title.
Thus, Ainsberg and his fellow petitioners allege: “ 26. That the duties assigned to each of the petitioners and performed by them were properly performable by each of them in the title of Assistant Special Deputy Clerk, and as an assistant to the - Special Deputy Clerk in charge of Special Term, Part I, of the Supreme Court, Bronx County, prior to September 1, 1962.” The Madden petition reads: “ 24. That the duties assigned to and performed by the. petitioner, as aforesaid, were properly performable by him in the title of Assistant Special Deputy Clerk and as an assistant to the Special Deputy Clerk in charge of Trial Term, Part I, of the Supreme Court, Bronx County, prior to September 1, 1962.” Both petitions make like allegations that the services performed by petitioners were similarly in-title prior to establishment of the new classification plan. All these allegations were admitted by the Administrator in his answers in this article 78 proceeding. Thus the pleadings foreclose dispute that the duties actually performed by petitioners were rendered in-title.
*61 Moreover, even if this issue were not precluded by the pleadings, the court would be unable to render a satisfactory determination. Neither party has included in the record the job description (duties) of Assistant Special Deputy Clerk, nor a detailed description or desk audit or survey of the work actually performed by petitioners. Consequently, the courts have not been provided with the minimum basis required to permit a review or comparison of the duties of petitioners, either as actually performed or as covered by their job descriptions, prior to and after court reorganization, or prior to and after reclassification.
’This being the case, it would appear that petitioners’ positions may be converted to Court Clerk II under the doctrine and practice approved in Matter of Mandle v. Brown (5 N Y 2d 51, supra), and must be so converted if the applicable provisions of the Constitution and section 223 of the Judiciary Law, quoted earlier, are to be obeyed.*
Accordingly, the order of the Appellate Division should be reversed, without costs, and the judgment of Special Term reinstated.
Judges Burke, Soieeppi, Bergan and Jasen concur; Chief Judge Fued and Judge Gibson taking no part.
Order reversed, etc.

 After oral argument, counsel for the Administrator, hy letter addressed to the court, virtually conceded that the argument concerning out-of-title performance is precluded by the pleadings. He transferred emphasis to his second argument, namely, that the Mandle case (supra) is limited to reorganizations where a single unlimited title is split into several limited titles. He argues that in such eases those performing functions that are analyzed as belonging to a higher level may be converted into such a higher level then being established. He urges that in the instant matter limited titles are involved, both before and after reclassification, with a reassignment of descriptions from limited titles to other limited titles.
As noted earlier, the old titles of Assistant Special Deputy Clerk and Special Deputy Clerk were eliminated. In their stead were created: the competitive title of Court Clerk I, covering most of the duties of Assistant Special Deputy; the competitive title of Court 'Clerk II, covering some of the duties of Assistant Special Deputy and some of the duties of Special Deputy; and noncompetitive titles Court Clerk III and Court Clerk IV, covering other duties of ’Special Deputies. Under these circumstances it is difficult to apply the analysis, assuming it to be either valid or pertinent.