In the Matter of ABRAHAM S. MEDWIN, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered July 2, 1970 in Kings County, in a proceeding under CPLR article 78, which annulled appellant's evaluation of respondent as Court Clerk II, and directed appellant to re-evaluate respondent to the position of Court Clerk III, retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department. Respondent asserts that his position evaluation as Court Clerk II on July 1, 1966 should be re-evaluated to Court Clerk III by reason of the duties he performed under his former classification as Court Clerk G. Respondent in his petition also sought as alternative relief a re-evaluation to Law Assistant II which was withdrawn at Special Term. Special Term in determining that petitioner should be re-evaluated to Court Clerk III, based its decision upon the allegations of paragraphs 16 and 17 of the respondent's petition which described his duties as "law clerk" in the Criminal Term. A detailed analysis of these duties and of the title specifications for Court Clerk III indicates that the duties performed do not meet the requirements of the title specifications for Court Clerk III and respondent does not qualify for that position. Paragraph 8 of the petition describes the duties performed by respondent as Court Clerk G in the former County Court. Analysis and comparison of these duties with the duties specified for Clerk II and Court Clerk III support only a determination that respondent's evaluation was properly Court Clerk II. The test is what respondent did within the title of his former classification, as compared with the duties under the new classification without regard to the duties performed out-of-title. (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56.) Determination of Special Term must, therefore, be reversed. Judgment reversed, on the law and the facts, without costs, and petition dismissed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.