In the Matter of HUGH J. GAVIGAN, JR., Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.

Third Department, July 18, 1974.

*Michael V. Juviler* (*Michael Colodner* of counsel), for appellant.

*Szold, Schapiro & Coster* (*John I. Coster* of counsel), for respondent.

KANE, J. In this article 78 proceeding, petitioner seeks a reclassification of his position after court reorganization to that of a Law Assistant II. His petition therefor was previously dismissed by this court (*Matter of Gavigan* v. *McCoy,* 36 A D 2d 563), but remanded on further appeal (*Matter of Gavigan* v. *McCoy,* 30 N Y 2d 787) for a hearing to resolve his allegations that his prior position of Special Assistant Deputy Clerk was in an unlimited salary range category and without limitation of duties except as imposed by the Chief County Judge. Special Term subsequently determined both issues in petitioner's favor and the State Administrator now appeals to this court. We reverse and dismiss the petition.

We concur with the finding of Special Term that the position of Special Assistant Deputy Clerk was, at least at the times relevant to this appeal, in an unlimited salary range category (see *Matter of Mandle* v. *Brown,* 5 N Y 2d 51, 62). However, it seems clear to us that, contrary to the conclusions of Special Term, petitioner performed out-of-title work when he engaged in what amounted to law assistant work in that position. Every job description or statement of duties relating to that position which was adduced at the hearing obviously emphasized the purely clerical nature of duties for that title and none so much as hinted at any law assistant responsibilities. Indeed, it appears that at the time of his appointment to the position of Special Assistant Deputy Clerk, there already existed the position of Law Assistant with a description of duties matching those then being performed by petitioner. Special Term's reliance on an estoppel theory arising from petitioner's appointment to that title from his prior position of Court Attendant as somehow ratifying his previously out-of-title duties is patently erroneous. Obviously there were other Special Assistant Deputy Clerks whose tasks in no way partook of the efforts undertaken by this petitioner. Moreover, it seems more likely that his appointment was the result of a recognition of his financial worth and qualifications than any attempt to bring into title the work he was then performing. Whether imposed or assumed, the simple fact remains that duties performed by this petitioner were without the proper title and scope of a Special Assistant Deputy Clerk. Although we are not without sympathy for his apparent plight, the legal conclusion to be drawn from these facts mandates a dismissal of the petition since his out-of-title work cannot support a claim for the desired reclassification (cf. *Matter of Ainsberg* v. *McCoy,* 26 N Y 2d 56; *Matter of Niebling* v. *Wagner,* 12 N Y 2d 314).

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

Cooke, J. (dissenting). I dissent, on the law, and vote to affirm.

The salient facts are not in dispute. Petitioner, now employed as a Court Clerk II in Supreme Court, Bronx County, was appointed originally as a Court Attendant in Bronx County Court on September 1, 1956. Admitted to the Bar in June of 1957, he has been performing law assistant work since the latter part of 1957 or early 1958. In late 1959 he requested the Administrative Judge of the Bronx County Court to do what he could to secure more adequate compensation and recognition for the specific duties he was performing, as he had been doing law work for the court for some time and was no longer actually working as a Court Attendant. Several months later, after a desk survey by the New York State Civil Service Commission as to the nature of the work being performed by petitioner, he was reclassified and appointed as Assistant Special Deputy Clerk. Significantly, the civil service job classification questionnaire of petitioner dated January 1, 1960 listed among his duties "perform legal research" and the department head commented: "This employee has been doing this work for the past two years and in my opinion should be given a title more synonymous with work performed." An inter-office memorandum from the Personnel Technician of the State Department of Civil Service dated April 5, 1960 stated in part: "In addition, he does research, writes tentative decisions and does all the other related duties generally associated with a Law Assistant" and "I would believe it most practicable to reclassify his position to Assistant Special Deputy in order that he may wear his three hats more comfortably and that the Court have more flexibility in duty assignments."

After the 1962 court reorganization (N. Y. Const., art. VI, § 35), the Bronx County Court was merged into the Supreme Court and petitioner continued his service in Supreme Court, holding the same title until July 1, 1966. On or about that date he was notified that, pursuant to a classification plan adopted by the Administrative Board of the Judicial Conference, his new title was to be Court Clerk I and also that, according to a position evaluation conducted by said board, that the duties which he performed were those of Law Assistant II.

While the performance of duties out-of-title is not to be used as a basis for reclassification (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56, 59), a reclassification which conforms the civil

service structure to the realities which obtained in the agency prior to reclassification is valid (*Matter of Mandle* v. *Brown,* 5 N Y 2d 51, 64). In *Ainsberg,* out-of-title duties were described: "that is duties not properly subsumed under the title and description of the old position" (p. 59). This is not the situation here, since the reclassification from Court Attendant to Assistant Special Deputy Clerk was accomplished by going through the appropriate administrative channels, not by inappropriate manipulations on the part of petitioner or his supervisors (see *Matter of Niebling* v. *Wagner,* 12 N Y 2d 314, 320), and since it was done clearly and properly so as to be inclusive of his work in the field of legal research, writing decisions and other duties related to those of a Law Assistant. Further, it had the approval of the New York State Civil Service Department, whose intent is shown in documentary evidence. Having performed Law Assistant's work for so many years with civil service approval, petitioner's classification in a group other than as Law Assistant II obviously did not conform to pre-existent reality.

STALEY, JR., J. P., SWEENEY and MAIN, JJ., concur with KANE, J.; COOKE, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.