Gabrielli, J.
The principal issue presented is whether the performance by petitioner, while an Assistant Special Deputy Clerk in the Bronx County Court, of the duties of a law assistant, entitled him to be reclassified to the position and title of Law Assistant II, following the 1962 court reorganization (NY Const, art VI, § 35).
Prior to the 1962 court reorganization (for a brief history see Matter of Ainsberg v McCoy, 26 NY2d 56), petitioner, an attorney admitted to practice in New York, was employed in the Bronx County Court in the title of Assistant Special *550 Deputy Clerk. While serving in that position, he performed legal duties for Judges of that court in addition to various clerical duties generally assigned to such clerks.
In mid-1966, the Administrative Board of the Judicial Conference notified petitioner that it was converting his precourt reorganization title to that of a Court Clerk I. Petitioner protested claiming that his title should have been converted to the title of Law Assistant II.
Following administrative appeals which proved unavailing, petitioner commenced this article 78 proceeding seeking an order annulling the Administrative Board’s classification and directing that he be reclassified as a Law Assistant II. The petition alleged that his Assistant Special Deputy Clerk title was in the unlimited salary range category and without limitation of duty by statute or rule, and that since 1960 petitioner had been assigned to and performed the duties of a law assistant. Although conceding that he had been performing some of the duties of a law assistant, respondent correctly argued that the duties petitioner was assigned were out-of-title and, thus, could not form a basis upon which to convert his job title.
This proceeding was considered by this court on a prior occasion. At that time, we reversed an order of the Appellate Division dismissing the petition and remitted the matter to Special Term for further proceedings in accordance with the dissenting opinion at the Appellate Division (30 NY2d 787). The dissenters found the record, as it then stood, deficient in that specifically absent therefrom was evidence of the job description of an Assistant Special Deputy Clerk, and also as to whether the duties or salary range of that position were unlimited (36 AD2d 563, 564-565).
Upon remand, Special Term granted the relief sought in the petition and found that petitioner had an unlimited salary range and had performed the duties of a Law Assistant II under the title of an Assistant Special Deputy Clerk with the knowledge and consent of the predecessor agency of respondent. The Appellate Division reversed, one Justice dissenting, on the ground that performance of out-of-title work could not support a claim for reclassification. We affirm that determination.
For the past 25 years, this court has consistently held that the performance of out-of-title duties creates no right to reclassification to a new position involving those duties (Mat *551 ter of Goldhirsch v Krone, 18 NY2d 178; Matter of Niebling v Wagner, 12 NY2d 314; Matter of Carolan v Schechter, 7 NY2d 980; Matter of Williams v Morton, 297 NY 328). Out-of-title duties are duties "not properly subsumed under the title and description of the old position” (Matter of Ainsberg v McCoy, 26 NY2d 56, 59, supra). Determinative of what duties are properly performed within any given title are the job specifications for that title (Matter of Roistacher v McCoy, 32 NY2d 479, 482, 485; Matter of Goldhirsch v Krone, supra, at pp 182-183).
We hold that petitioner is not entitled to be reclassified as a Law Assistant II. The job specifications for an Assistant Special Deputy Clerk in the Bronx County Court, introduced upon remand, show that legal duties were not properly undertaken under that title. The "General Statement of Duties” in the specifications only requires the performance of "clerical work”. In the 14 "Examples of Work” detailed for the title, not one requires extensive legal training.* Indeed, listed as "Acceptable Experience and Training” is "One year of experience as a Supervising Clerk, or Supervising Typist, or Law Stenographer, or as a Court Attendant.” By way of comparison, under the job specifications for the title of Law Assistant in the Bronx County Court, the titleholder was expected to perform "professional legal research” on "intricate questions of law”. "Five years of legal experience subsequent to admission to the Bar” is listed as "Acceptable Experience and Training”. It is thus manifest that legal duties could not have properly been subsumed under the job specifications for an Assistant Special Deputy Clerk for that position was in sum *552 and substance only clerical in nature. We conclude, therefore, that petitioner is not entitled to be reclassified to the title of Law Assistant II.
We see no merit in the additional contention, advanced at Special Term and by petitioner here, that respondent should be estopped from reclassifying petitioner because its predecessor agency knew of and consented to petitioner’s performance of legal duties while he was a court clerk. It has often been held that estoppel does not lie against the State, a municipality or their agencies where, as here, the governmental body was exercising its statutory or regulatory authority, and this is true irrespective of any representation or opinion by any of that body’s officers or employees (City of New York v Wilson & Co., 278 NY 86, 99-100; Matter of Town of Cornwall v Diamond, 39 AD2d 762; see 21 NY Jur, Estoppel, § 76). It is not without significance that while in response to urgings that petitioner’s status be clarified, the Civil Service Commission did reclassify petitioner’s title as "Assistant Special Deputy Clerk”, thereby declining to grant the desired reclassification to "Law Assistant II”.
The dissent appears to give emphasis to the concept that there was nothing contrived, deliberate or covert about the work assignment. It is thus appropriate to here note that, as then Judge Fuld pointed out in Matter of Goldhirsch v Krone (18 NY2d 178, 185, supra), it is immaterial that any deliberate manipulation be lacking. It is enough that the "higher pay and heavier responsibilities * * * did not grow out of the * * * work as prescribed by the job specifications” (Matter of Niebling v Wagner, 12 NY2d 314, 320, supra). Interestingly, in Goldhirsch this court embraced (as it did in Niebling) and readopted the statement in Matter of Mandle v Brown (4 AD2d 283, 286, affd 5 NY2d 51) that "[i]f 'out-of-title’ work was invalidly imposed upon or assumed * * * prior to the reclassification, it may not be validated by a reclassification which is based thereon. This means that one may not deliberately manipulate a reclassification simply by first imposing or by assuming new duties and responsibilities, and then thereby avoid the necessity for filling vacancies by promotion by reclassifying the added duties and responsibilities”.
For over 75 years it has been the avowed purpose of civil service laws to promote the good of the public service (People ex rel. Kastor v Kearny, 164 NY 64; People ex rel. Sweet v *553 Lyman, 157 NY 368); and it should be readily apparent that the well-established rule we enforce today (as it has been for decades) is designed to and does safeguard the graded positions of civil service and thus insulates their status from political manipulation.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Listed as "Examples of Work” for an Assistant Deputy Special Clerk were: "Prepares calendar of cases called at each session;
Enters proceedings of the court in the minute book and desk blotter;
Enters indictments and records of conviction;
Opens court with a proclamation;
Prepares commitments;
Swears in jurors, and witnesses;
Administers oaths to court stenographers, interpreters and defendants;
Maintains records of exhibits and safeguards them during trial;
Takes and enters verdicts;
Supervises work of court attendants while court is in session;
Prepares orders for furnishing food, lodging and transportation for jurors;
Checks daily attendance of jurors and keeps records for their payment;
Performs a variety of clerical tasks in the Chief Clerk’s office when court is not in session.