Fuchsberg, J.
(dissenting). I do not believe this proceeding to be the conventional out-of-title case that is encompassed by the court’s holding in Matter of Ainsberg v McCoy (26 NY2d 56).
There was nothing covert, contrived, connived or casual about the work assignment here, whether on the part of the petitioner or of those responsible for his supervision. (Cf. Matter of Niebling v Wagner, 12 NY2d 314, 320.) Shortly after the petitioner, a member of the Bar, entered the civil service as Court Attendant in 1956, his special abilities appear to have been recognized and recruited by his superiors, who thereupon directed him to do responsible legal research, write "tentative decisions” and otherwise perform the panoply of activities which fall within the job description of what would today be classified as Law Assistant II. It does not appear to me to take away from the fundamental nature of these duties that also included were such incidental clerical chores as are the concomitant of almost any staff position in our courts.
There was nothing temporary or intermittent about this work assignment. After continuing him uninterruptedly at it for years, the Administrative Judge of the Bronx County Court, where petitioner worked, apparently decided to take steps to give petitioner’s de facto status de jure recognition as well. Accordingly, on administrative initiative, he caused an official study of petitioner’s position to be conducted by the New York State Department of Civil Service itself. It fully confirmed the accuracy of the afore-mentioned job description (as indeed do the trial findings that led to Special Term’s decision here). Having so found, the department classified petitioner as Assistant Special Deputy Clerk. In so doing, it formally put him under the umbrella of the Assistant Deputy Clerk title it thus established and, in my opinion, put petitioner’s position beyond the reach of the political manipulation which the majority fears. It also thereby afforded him all the benefits, including those of salary range, that he would have *554 enjoyed, had there then been, as there is now, a Law Assistant II status within which he could be classified.
It was only later, when the Administrative Board of the Judicial Conference, succeeding to the Civil Service Department’s jurisdiction over such employees (see NY Const, art VI, §§ 28, 35; Judiciary Law, § 212), decided to ignore the department’s action by eliminating the Assistant Special Deputy Clerk title, that petitioner, after all the years of recognition of the role he was fulfilling, found himself blamelessly placed in a classification nether-nether land from which he was relegated to the title of Court Clerk I. As Mr. Justice (now Judge) Cooke said in his dissenting opinion below (45 AD2d 356, 359), that "did not conform to pre-existing reality”.
If, instead, respondent had reclassified petitioner under the Law Assistant II title, far from that action doing violence to the principles of the civil service, it would have vindicated petitioner’s right to the job security which is at the very heart of the civil service system and the entitlement of every civil servant. (See Wood v City of New York, 274 NY 155, 161.)
Accordingly, and for the further reasons more fully advanced in Judge Cooke’s opinion, and on the special facts and circumstances here, I respectfully suggest that the reinstatement of the judgment of Special Term would prefer substance over form and thus better serve the applicable law, and I so vote.
Judges Jasen, Jones and Wachtler concur with Judge Gabrielli; Judge Fuchsberg dissents and votes to reverse in a separate opinion; Chief Judge Breitel and Judge Cooke taking no part.
Order affirmed.