■ In the Matter of ROBERT CHEROFSKY, Respondent, v RICHARD J. BARTLETT, as State Administrative Judge of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 11, 1977 in New York County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel retroactive application of the reclassification of petitioner issued by the State Administrative Judge of the Administrative Board of the Office of Court Administration. On March 19, 1973, while serving in the position of Court Clerk II, petitioner was assigned the duties of a Court Clerk III position as clerk in charge of Part 30, Criminal Term, Supreme Court, New York County. Subsequently, in September of 1973, he requested that the Administrative Board reclassify his position from Court Clerk II to Court Clerk III since he was then performing the duties of the latter position and, following a study by the personnel office of the Office of Court Administration which revealed that his duties were appropriate to the Court Clerk III title, a noncompetitive position, he was reclassified on May 17, 1974 to the Court Clerk III title. When New York City, as the local fiscal authority, approved the reclassification, its effective date was established as May 17, 1974, and petitioner then requested that the reclassification be retroactively implemented so as to be effective March 19, 1973. This request was denied on the basis of budgetary considerations and lack of certainty as to petitioner's exact duties prior to the study by the personnel office. Petitioner thereupon instituted the present proceeding seeking a judgment compelling retroactive implementation of his reclassification. Special Term ruled that his application should be granted, and there ensued this appeal, which was transferred to this court, pursuant to CPLR 5711, by order of the Appellate Division, First Judicial Department, entered June 16, 1977. We hold that the judgment of Special Term must be reversed. It is clear that petitioner's appoint-

ment to a position in the noncompetitive class could become effective "only upon approval by the administrative board" (22 NYCRR 25.9 [b]) and that the effective date of his position classification was similarly to be determined by the State administrator or the Administrative Board (22 NYCRR 25.5 [a], repealed Nov. 12, 1976). Moreover, even though he performed "out-of-title" work, i.e., his assumption as of March 19, 1973 of duties not subsumed under his title as Court Clerk II, he did not thereby, absent the requisite board approval, become entitled to reclassification to a Court Clerk III position involving the assumed duties (*Matter of Gavigan v McCoy*, 37 NY2d 548). Under these circumstances, we can only conclude that petitioner was properly appointed to the position of Court Clerk III and that the effective date of the appointment, May 17, 1974, was reasonable and should be sustained. It was on that date that the reclassification was approved by the personnel office and, from a budgetary standpoint, it was then that a Court Clerk III position and payroll line opened for petitioner in the Supreme Court, New York County (see *Matter of Blyn v Bartlett*, 39 NY2d 349). In so ruling, we would finally note that petitioner's reliance upon *Matter of Roistacher v McCoy* (32 NY2d 479) to support his position is misplaced. Contrary to the situation here, Mr. Roistacher, in that instance, was granted a retroactive reclassification to a Court Clerk III position effective in 1966 because his duties had not changed since that time. Accordingly, the board by reclassifying him in 1971, in effect, conceded that he should have been classified a Court Clerk III in 1966. With regard to petitioner, there was an actual change in his duties subsequent to his appointment as a Court Clerk II, and once it was determined, on May 17, 1974, that such a change occurred, he was then immediately reclassified as a Court Clerk III. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.