■ In the Matter of THOMAS F. McGUINNESS, as President of the Suffolk County Court Employees Association, Inc., et al., Respondents, v NEW YORK STATE OFFICE OF COURT ADMINISTRATION et al., Appellants, et.al., Respondent. — In a proceeding pursuant to CPLR article 78 to compel the New York State Office of Court Administration and the Chief Administrative Judge of the Uniform Court System to permanently appoint petitioners Riley and Strong to the position of principal office assistant, the appeal is from a judgment of the Supreme Court, Suffolk County (McInerney, J.), entered June 3, 1982, which granted the petition and ordered that the appointments be made retroactive to July 1, 1980. Judgment reversed, on the law, without costs or disbursements, and petition dismissed on the merits. Petitioners Dorothy Strong and Carolyn Riley (hereinafter petitioners) received permanent appointments as court office assistants in the Suffolk County Family Court in 1967 and 1968, respectively. Petitioners subsequently were provisionally promoted, without examination, to the position of court assistant I in the Suffolk County Family Court on or about July 7, 1977, and on or about November 10, 1977, respectively. On May 29, 1979, petitioners' court assistant I titles were converted to the titles of senior office typist (judicial grade 8) under the classification plan adopted that day by the Chief Administrative Judge, pursuant to section 39 (subd 8, par [a]) of the Judiciary Law. On September 21, 1979, petitioners appealed, pursuant to 22 NYCRR 25.45, alleging that the positions they were filling should have been reclassified at a higher title. No decision has been rendered on that appeal. On or about January 13, 1980, petitioners took the promotional examination for the title principal office assistant. Each petitioner failed the examination and was notified of her failure on or about January 5, 1981, the date the eligible list containing the names of the successful applicants was established. The Legislature passed chapter 846 of the Laws of 1980, which became effective on July 1, 1980 with the approval of the Governor. Chapter 846 was, in effect, a grandfather clause, which covered certain nonjudicial employees in Nassau and Suffolk Counties. On September 19, 1980, after petitioners became entitled to permanent status as senior office typists pursuant to chapter 846 of the Laws of 1980, they submitted position reclassification requests pursuant to section 25.5 of the Rules of the Chief Judge (22 NYCRR 25.5). They sought reclassification of their positions to that of assistant court clerk on the basis of the duties which they actually performed. Their requests were granted to the extent that the positions were reclassified to principal office assistant, effective July 30, 1981. The position of principal office assistant requires that the incumbent exercise a considerable degree of supervision; in comparison, the senior office typist title held permanently by petitioners by reason of chapter 846 involves the performance of routine tasks with less independence. On or about March 13, 1981, prior to the granting of petitioners' reclassification requests, petitioners filed a contract grievance alleging they were performing the work of a higher title. On October 6, 1981, Howard Rubinstein, director of employee relations, ruled in their favor. They were awarded retroactive compensation at the salary rate of principal office assistants from January 9, 1981, 45 days prior to the date they filed their contract grievance, until July 31, 1981, the date their reclassification requests were granted. The decision specifically found: "As a result of a reclassification appeal, Grievants were reclassified to the title, Principal Office Assistant, JG-12. This reclassification became effective July 31, 1981. The duties which Grievants are currently performing are the same duties which

they have performed since their appointments in the Unified Court System." The petitioners were thereafter notified by appellants that they were ineligible to hold positions as principal office assistants and that they were to be removed from these positions, effective November 19, 1981, so that the positions could be filled from the eligibility list which existed since January 5, 1981. Petitioners commenced the instant proceeding, contending that as they had been performing the duties of principal office assistant for over one year in accordance with chapter 846 of the Laws of 1980, they are entitled to permanent status in that title without the requirement of qualifying by a competitive examination. They sought retroactive appointment to the title as of July 1, 1980 and also a preliminary injunction directing the appellants to continue to employ them, claiming that as they had been notified that they were senior office typists and no vacancies existed in that position, they would be dismissed. Pursuant to an agreement between the parties, petitioners were given temporary appointments to the title of principal office assistant, effective July 30, 1981, pending the determination of the instant litigation. The appellants, who opposed the proceeding, also claimed that they would make every effort to find senior office typist positions for petitioners in the Suffolk County courts when their current positions were filled from the eligible list. By decision dated April 28, 1982, Special Term granted petitioners' motion for a preliminary injunction enjoining the appellants from making appointments to the position of principal office assistant and directing them to continue to employ petitioners in that position. Special Term stated: "Chapter 846 of the Law [sic] of 1980 does not distinguish between provisional and out-of-title designations. It specifies that competitive examinations need not be given because of the great number of provisional employees exceeding 40% in the tenth judicial district who are performing [sic] satisfactorily and continuously for at least one year". Thereafter, the court signed a judgment granting the relief sought in the petition. Special Term incorrectly construed chapter 846 of the Laws of 1980 as not making a distinction between those employees who are provisionally appointed to and incumbent in a position, and employees who merely worked out of title for more than a year. Chapter 846 states: "Section 1. Legislative findings and intent. The legislature hereby finds and declares that, prior to the unified court budget act enacted as chapter nine hundred sixty-six of the laws of nineteen hundred seventy-six, many employees of the unified court system of the state of New York were employed and paid by the political subdivisions of the state, that chapter nine hundred sixty-six of the laws of nineteen hundred seventy-six mandated the administrative board of the judicial conference to adopt a classification structure for nonjudicial employees, and that such classification structure was not adopted until May twenty-eighth, nineteen hundred seventy-nine. The legislature further finds that examinations for positions in the unified court system have not been given for a considerable period of time. As a result, in the tenth judicial district more than forty percent of positions classified in the competitive class are provisionally filled. The legislature also finds and declares that there is a severe danger that a disruption of court services will occur in the tenth judicial district by virtue of the fact that, in such district, the percentage of competitive class positions filled provisionally exceeds forty percent. The legislature further finds that a great many present incumbents have served more than five and up to ten years in their positions, that the vast majority of present incumbents by their training and experience in their positions have acquired invaluable expert knowledge and skill in the performance of duties in the administration of the court systems, that the initial application of competitive class requirements to positions in such district makes it impracticable to fill such positions by competitive examination, and that in order to avoid any danger which

disruption of the court system would entail, it is essential that means be provided to continue as permanent appointees qualified incumbents serving provisionally in positions in such district. It is the purpose of this act, therefore, to provide an orderly method for continuing in service with the rights and tenure of permanent appointees incumbents of such positions who have served satisfactorily and continuously therein for at least one year. § 2. For the purposes of continuing essential activities and providing court services without interruption or disruption, and notwithstanding any inconsistent provision of law, rule, or regulation, incumbents occupying positions in such district in the unified court system which have been classified in the competitive class shall be granted permanent competitive class status, without probationary period or further examination, if they have been employed in or performed the duties of such position for one year prior to the effective date hereof. Incumbents who have served continuously for one year prior to the effective date hereof, and who have been provisionally promoted during such time shall be granted permanent competitive status in the position to which they have been promoted. Persons whose classification appeals have been granted shall receive permanent competitive status in the title awarded if they have served in the position for such year. § 3. For the purposes of promotion and layoff, persons who attain permanent status by virtue of this act shall have the seniority theretofore held by them as among themselves. § 4. This act shall apply to employees of the unified court system working in the tenth judicial district only. § 5. This act shall take effect immediately." The statute must be construed as a whole (McKinney's Cons Laws of NY, Book 1, Statutes, § 97). Thus, rather than examine only the phrase in section 2 of the statute which reads "if they have been employed in or performed the duties of such position for one year", upon which petitioners rely, we have looked at the entire statute to determine its meaning. Since the first section makes clear that the statute's purpose is to cover incumbents serving provisionally in appointed positions, without any reference to the performance of out-of-title work, we conclude that the Legislature did not intend for out-of-title work to serve as a predicate for reclassification to permanent competitive class status without the need for a qualifying exam. Our interpretation is buttressed by the fact that the Court of Appeals "has consistently held that the performance of out-of-title duties creates no right to reclassification to a new position involving those duties (*Matter of Goldhirsch v Krone,* 18 NY2d 178; *Matter of Niebling v Wagner,* 12 NY2d 314; *Matter of Carolan v Schechter,* 7 NY2d 980; *Matter of Williams v Morton,* 297 NY 328)" (*Matter of Gavigan v McCoy,* 37 NY2d 548, 550-551). Without a much clearer statement from the Legislature than is found in chapter 846 of the Laws of 1980 that it intends a statute to run counter to this well-established rule, we would be ill advised to so interpret one of its enactments. Because of our holding, we need not decide if, in all circumstances, section 6 of article V of the New York State Constitution would foreclose reclassification to a competitive title within the civil service system based upon the performance of out-of-title duties (cf. *Amico v Erie County Legislature,* 36 AD2d 415, 424-425, affd 30 NY2d 729). We conclude that chapter 846 of the Laws of 1980 may only be relied on by petitioners to entitle them to permanent status in the title of senior office typist. Naturally, petitioners should not be regularly assigned to perform the duties of a higher civil service position than are required by the position they hold (Civil Service Law, § 61, subd 2). Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.