■ FANNY OGBUNUGAFOR, Respondent, v ST. CHRISTOPHER'S UNION FREE SCHOOL DISTRICT OF GREENBURGH, Appellant. — In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered May 27, 1983, which denied its motion to dismiss the complaint for failure to state a cause of action. ¶ Order reversed, on the law, with costs, motion granted, and complaint dismissed. ¶ Plaintiff teacher purportedly resigned from the Ossining public school system, effective April 9, 1982, to work for defendant school district. A letter dated April 1, 1982 and signed by the school superintendent of defendant's board of education stated in part: "As per our conversation, I am recommending to our school board that you be appointed as a substitute teacher from April 1, 1982 through June 30, 1982. As we discussed, if all goes well, I will recommend you for a three year probationary teaching appointment effective September 1982. This appointment will be contingent upon your completing special education certification". There is no dispute that the school board appointed plaintiff to the substitute teacher position for the three-month period. ¶ By letter dated July 2, 1982, the superintendent informed plaintiff: "After careful review of your services to this district as a substitute teacher and your current teacher certification status, we find that we cannot recommend you for appointment as a probationary teacher". ¶ Plaintiff responded that her special education certification would be completed in late August, 1982, "being well within our written agreement of April 1, 1982", and added that she "look[ed] forward to being on staff at St. Christopher's in September". The superintendent's reply acknowledged that the plaintiff could become certified by September but advised that the school board must act affirmatively to appoint her as a probationary teacher and that no appointment was currently forthcoming. ¶ Thereafter plaintiff commenced the instant action, and defendant moved to dismiss for failure to state a cause of action. In opposition to defendant's motion to dismiss, plaintiff argued that the letter dated April 1, 1982, constituted an agreement to appoint her to a three-year probationary period, provided she achieved certification and performed well. The $55,000 she sought in contract damages represented three years' salary plus the expenses plaintiff incurred in becoming certified. ¶ Plaintiff's argument must fail on its face. The language in the letter cannot be read as a promise to appoint her. Recommendation is not the legal equivalent of appointment. The board of education is not obliged to appoint every teacher nominated by the superintendent for appointment (Education Law, § 3012, subd 1, par [a]). ¶ Nor can the letter be construed as an absolute promise to recommend plaintiff for appointment. Ignoring, momentarily, the equivocal language of the purported promise (i.e., "if all goes well"), a superintendent has no power to enter into a contract to later recommend only a certain person

for appointment to a position (*Matter of Crapster,* 22 Ed Dept Rep 29, No. 10869, July 22, 1982; see Education Law, § 1711, subd 5). ¶ Finally, we note that even were we to accept the possibility of applying an estoppel theory to the case at bar, we would not estop defendant from asserting the nonexistence of a contract to recommend plaintiff for a position inasmuch as the decision not to recommend plaintiff was within the superintendent's authority and a promise to recommend would have been made without such authority (see *Matter of Gavigan v McCoy,* 37 NY2d 548, 552; *King v City of Newburgh,* 84 AD2d 388, 394). ¶ For all the above reasons, plaintiff's complaint to recover damages for breach of contract must be dismissed. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.