OPINION OF THE COURT

Per Curiam.

Petitioners contend that, by virtue of the provisions of chapter 846 of the Laws of 1980 (applicable in the Counties of Nassau and Suffolk), they are entitled to permanent *281 competitive class status in the position of principal office assistant, without the necessity of passing a competitive examination. They base this contention on their having performed the duties of that position for the year prior to July 1, 1980, even though, as they concede, they have never been provisionally appointed to that position and their work was out of title.
Supreme Court granted their petition and directed that they be appointed to the position of principal office assistant retroactive to July 1, 1980. The Appellate Division reversed and dismissed the petition on the merits. We affirm; petitioners are not entitled to the benefit of the provisions of chapter 846 of the Laws of 1980.
Throughout the declaration of legislative findings and intent and the operative provisions of chapter 846 are sprinkled references to positions which have been “provisionally filled” or “filled provisionally”, to “present incumbents”, “qualified incumbents serving provisionally”, “incumbents of such positions who have served * * * therein”, “incumbents occupying positions” and “[i]ncumbents * * * who have been provisionally promoted” — none of which terms include employees working out of title. At only one point in the statute is reference made to persons who “have been employed in or performed the duties of such position for one year prior to the effective date hereof”, and then that dependent clause stating the qualifying requirement applies only to “incumbents occupying positions”.
As observed by the Appellate Division, we have consistently held “that the performance of out-of-title duties creates no right to reclassification to a new position involving those duties”. (Matter of Gavigan v McCoy, 37 NY2d 548, 550-551, and cases cited therein.) We agree with that court that, in view of these holdings, “[w]ithout a much clearer statement from the Legislature than is found in chapter 846 of the Laws of 1980 that it intends a statute to run counter to this well-established rule, [the courts] would be ill advised to so interpret one of its enactments”. (96 AD2d, p 563.)
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*282 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion; Chief Judge Cooke taking no part.
Order affirmed, with costs.