■ In the Matter of THOMAS L. MENNELLA, Appellant-Respondent, v OFFICE OF COURT ADMINISTRATION OF THE STATE OF NEW YORK et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Unified Court System Classification Review Board which sustained the reclassification of petitioner's title

by the Chief Administrative Judge of the Office of Court Administration, petitioner appeals, by permission, from so much of an order of the Supreme Court, Kings County (Kramer, J.), entered November 30, 1984, as, upon reargument, (1) denied his application to be appointed to the title of associate court clerk; and (2) remitted the matter to the Classification Review Board for determination of the issue of whether petitioner's position should be reclassified to the title of associate court clerk, and the Office of Court Administration, Chief Administrative Judge Evans and his successors (hereinafter the court respondents) cross-appeal, by permission, from so much of the same order as (1) required the court respondents to appear by the Attorney-General and prohibited them from appearing by their own counsel, (2) denied the court respondents' motion for change of venue, and (3) remitted to the Classification Review Board the issue of whether petitioner's position should be reclassified to the title of associate court clerk. The Classification Review Board cross-appeals, by permission, and as limited by its brief, from so much of the order as required the court respondents to appear by the Attorney-General, who is representing the Classification Review Board in this matter.

Order modified, on the law and the facts, by (a) deleting from the first decretal paragraph the words "adhered to, except that" and substituting therefor the following: "modified by (1) deleting the first decretal paragraph and substituting therefor a provision that respondents Herbert B. Evans, Robert J. Sise and the Office of Court Administration may appear by counsel of their choice, (2) adding to the second decretal paragraph, after the word 'denied', the words 'as academic', (3) deleting the fifth decretal paragraph thereof, and (4) recalling and holding in abeyance", and (b) deleting from the first decretal paragraph thereof the words "is recalled and held in abeyance". As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Petitioner received a permanent appointment to the position of court clerk I on or about August 22, 1974, and was assigned as a clerk in the Arraignment Department of the Supreme Court, Kings County. On May 28, 1979, the court clerk I title was converted to the title of senior court clerk under the classification plan adopted that day by the Chief Administrative Judge, pursuant to Judiciary Law § 39 (8) (a).

On June 23, 1980, petitioner appealed the reclassification, pursuant to 22 NYCRR 25.45, alleging that his position should have been reclassified to a higher title. Chief Administrative

Judge Evans denied the appeal on July 7, 1982. Petitioner appealed that determination to the Classification Review Board on July 12, 1982. Petitioner claimed, *inter alia,* that the duties he performed as a court clerk I working in the Arraignment Part were the same as those performed by clerks who were reclassified to the associate and principal court clerk titles. He also alleged that the court clerks assigned to the Arraignment Part in the other four boroughs in New York City had been reclassified to the title of principal court clerk, the successor to the court clerk III title.

On April 7, 1983, the Classification Review Board held a discretionary hearing on the appeal pursuant to 22 NYCRR 25.45 (c) (2). The Board found that there was virtually an exact correspondence between the title specifications for the court clerk I position and the new title standards for the senior court clerk. That petitioner may have shared duties with his superiors did not, the Board found, warrant a reclassification to a higher title, because the performance of those duties would have been out of title, and out-of-title work cannot serve as a basis for reclassification. Petitioner's claim of discrimination was found to be unsupported and the appeal was dismissed.

Petitioner next commenced the instant proceeding in the Supreme Court, Kings County, claiming that he was entitled to classification as an associate court clerk. The court respondents then moved for a change of venue from Kings County to New York County.

By order dated July 11, 1984, Special Term (1) denied the court respondents' motion for change of venue, (2) required that the court respondents appear by the Attorney-General, (3) denied petitioner's application to be appointed to the title of associate court clerk, (4) converted the proceeding into a declaratory judgment action, and (5) remitted the matter to the Classification Review Board to determine the issue of whether petitioner's position should be reclassified to the title of associate court clerk.

By order dated November 30, 1984, petitioner's motion for reargument was granted and, upon reargument, Special Term adhered to its original determination except that the determination to convert the proceeding to a declaratory judgment action was recalled and held in abeyance. Special Term also granted petitioner's motion and respondents' cross motions for leave to appeal.

Special Term properly denied petitioner's application to be

reclassified to the title of associate court clerk. On this record, it cannot be said that the determinations of respondents were arbitrary and capricious. The test is whether the duties petitioner performed within the title of his former classification are incorporated within the duties of the new title, without regard to the duties performed out of title (see, Matter of Ainsberg v McCoy, 26 NY2d 56; Matter of Medwin v McCoy, 37 AD2d 666). A comparison of the title specifications for the former court clerk I title and the new senior court clerk title demonstrates petitioner was properly reclassified. The determination of the Classification Review Board has a rational basis in the record and is supported by its findings.

The court respondents' appeal from the portion of the order which denied their motion for change of venue is academic.

As to that part of the order which directed the Chief Administrative Judge and Office of Court Administration to appear by the Attorney-General, we find Special Term misconstrued the law. Pursuant to Judiciary Law § 212 (1) (b), the Chief Administrative Judge is empowered to retain counsel of his choice, as he elected to do in this proceeding. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.