■ ROBERT YAKKEY et al., Respondents, v COUNTY OF NASSAU, Appellant.—In an action to recover damages for breach of collective bargaining agreements, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), entered February 4, 1985, as denied its motion for summary judgment.

Order reversed insofar as appealed from, on the law, with costs, motion granted, and action dismissed.

The plaintiffs* Yakkey and Green commenced employment with the defendant as laborers in the Department of Recreation and Parks on October 21, 1959 and May 8, 19861, respectively. Pursuant to a survey conducted by the defendant, positions within that department were reclassified on July 7, 1967 and the plaintiffs were given the title of equipment operators I. With this change of job title came an increase in salary from $2.97 an hour to $245.93 biweekly. Under the terms of the collective bargaining agreement, employees hired before December 31, 1976, who had been in the same or comparable position without being permanently promoted or permanently appointed to a higher position for a period of 15 years of service, and were in the first longevity step of their current grade, were to receive a second longevity increment. Upon inquiry in 1978, the plaintiff Yakkey learned that he had not been entitled to a second longevity increment in 1974 and the plaintiff Green learned that he had not been entitled to a second longevity increment in 1976 as, according to the defendant, they had been promoted pursuant to a reclassification in July 1967. Thus, they were not eligible for a second longevity increment until July 1982. The plaintiffs

---

* "Initially we note that the individual members of the union have no standing to assert a claim under the collective bargaining agreement, except through their union (see, Berlyn v Board of Educ., 80 AD2d 572 [affd 55 NY2d 912]). However, since the union is a party plaintiff, the action need not be dismissed" on that ground (Aloi v Board of Educ., 81 AD2d 874, 875; accord, Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau, 84 AD2d 784).

commenced the instant action in August 1983 alleging that the defendant breached the collective bargaining agreement. Special Term denied both the defendant's motion and the plaintiffs' cross motion for summary judgment, finding the existence of an issue of fact as to whether, if in fact the plaintiffs were promoted, the promotion was legal, because there was no evidence that they had taken a competitive examination. The defendant appealed from so much of Special Term's order as denied its motion, and we hereby reverse that order insofar as appealed from.

As both parties concede on appeal, the positions Yakkey and Green obtained pursuant to reclassification were noncompetitive, and thus the taking of an examination was not a prerequisite of promotion. Furthermore, the defendant was entitled to summary judgment, because as a result of the reclassification, Yakkey and Green were promoted to a higher position within the meaning of the collective bargaining agreement. Although their actual duties and responsibilities did not change upon reclassification, the duties and responsibilities of one holding the position of an equipment operator I are clearly greater and require more skill than those of a laborer, the position held by Yakkey and Green prior to the reclassification. Indeed, it seems as though pursuant to the reclassification the position of laborer was changed to that of laborer I, a position requiring less skill and responsibility than that of equipment operator I. Although the plaintiffs contend that the important consideration is the duties actually performed by them, not those contained in the job description, it has been consistently held that the performance of out-of-title duties (duties not properly subsumed under the title and description of the position) creates no right to reclassification to a new position involving those out-of-title duties *(see, Matter of Gavigan v McCoy,* 37 NY2d 548; *Matter of Ainsberg v McCoy,* 26 NY2d 56; *Matter of McGuinness v New York State Off. of Ct. Admin.,* 96 AD2d 561, *affd* 61 NY2d 279). From this, it logically follows that when Yakkey and Green were reclassified to a new position involving the out-of-title duties they were previously performing, where those duties required a higher degree of skill and involved more responsibility, they were promoted to higher positions. Thus, Yakkey and Green were not entitled to a second longevity increment in 1974 and 1976, respectively, and the denial of the increment by the defendant did not constitute a violation of the collective bargaining agreement.

Alternatively, the defendant was entitled to partial sum-

mary judgment as to claims arising prior to August of 1977 which are precluded by the six-year Statute of Limitations applicable to breach of contract actions *(see,* CPLR 213 [2]; *Calfapietra v Donahue,* 100 AD2d 504). The fact that the plaintiffs availed themselves of the optional grievance procedure provided for in the collective bargaining agreement does not alter this result *(see, Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau,* 84 AD2d 784).

We have considered the remaining contentions of the parties and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.

