◼ In the Matter of DANIEL J. MAZZEO, Appellant, v INCORPORATED VILLAGE OF EAST HAMPTON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit the establishment of a new eligible list for the position of Police Sergeant and to compel the petitioner's appointment to that position, the petitioner appeals a judgment of the Supreme Court, Suffolk County (Brown, J.), entered January 16, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner, a police officer employed by the Village of East Hampton, asserts that by virtue of his performing the duties of Police Sergeant as an out-of-title employee coupled with his position on a certified eligibility list, he was entitled to a permanent appointment to that position. However, the petitioner concedes that he was never appointed on either a provisional or temporary basis. We are unable to conclude that the petitioner acquired any right to the desired permanent appointment as a result of the factors cited by him *(see,*

*Matter of Goldhirsch v Krone,* 18 NY2d 178, 184, 186; *Hurley v Board of Educ.,* 270 NY 275, 279; *Matter of McGuinness v New York State Off. of Ct. Admin.,* 96 AD2d 561, 563, *affd* 61 NY2d 279; *Matter of Hartley v Human Resources Admin.,* 132 AD2d 699, 700; *cf., Matter of Spindel v New York City Hous. Auth.,* 41 Misc 2d 363).

Moreover, the petitioner's remedy for his alleged assignment to out-of-title work as a Police Sergeant in violation of Civil Service Law § 61 (2) would be to seek an order directing the respondents to discontinue such assignment *(see, Matter of Sheridan v Kennedy,* 8 NY2d 794; *Matter of Gates Keystone Club v Roche,* 106 AD2d 877; *Matter of Clifford v Police Commr. of City of N. Y.,* 2 AD2d 674).

We have examined the petitioner's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.