■ In the Matter of LAURIE COCOMILLO et al., Appellants, v BOARD OF EDUCATION OF YONKERS CITY SCHOOL DISTRICT et al., Respondents. [641 NYS2d 82] —In a proceeding pursuant to CPLR article 78 to compel the respondents to comply with the Civil Service Law in assigning job duties, the petitioners appeal (1) from an order of the Supreme Court, Westchester County (Colabella, J.) entered December 6, 1994 which purportedly dismissed the proceeding; (2) from a judgment of the same court entered February 14, 1995, which dismissed the proceeding; and (3) as limited by their brief, from so much of an order of the same court entered April 27, 1995, as upon granting the petitioners' motion for reargument, adhered to the court's original determination.

Ordered that the appeals from the order entered December 6, 1994, and the judgment are dismissed, without costs or disbursements; and it is further,

Ordered that the order entered April 27, 1995, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order entered December 6, 1994, is dismissed, because no appeal lies of right from an order entered in a proceeding pursuant to CPLR article 78. Moreover, the appeals from the order entered December 6, 1994, and the judgment must be dismissed because the order entered December 6, 1994, and the judgment were superseded by the order entered April 27, 1995, made upon reargument.

The petitioners, who are employed as school aides in the Yonkers City School District, commenced the instant proceeding pursuant to CPLR article 78 to compel the respondents to cease and desist from assigning them out-of-title work tasks. While we agree with the petitioners that a proceeding pursuant to CPLR article 78 is appropriate in this instance (*see, Matter of O'Reilly v Grumet,* 308 NY 351; *Matter of Civil Serv. Empls. Assn. v Pilgrim Psychiatric Ctr.,* 204 AD2d 444; *Matter of Mazzeo v Incorporated Vil. of E. Hampton,* 190 AD2d 735; *Matter of Sheridan v Kennedy,* 19 Misc 2d 765, *affd* 10 AD2d 606, *affd* 8 NY2d 794), the Supreme Court correctly concluded that the petitioners were not performing out-of-title work (*see, Matter of Gavigan v McCoy,* 37 NY2d 548; *Matter of Fitzpatrick v Ruffo,* 110 AD2d 1032, *affd* 66 NY2d 647; *Matter of Bartholomew v Columbia County,* 191 AD2d 881).

We have examined the parties' remaining contentions and find them to be without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.