■ In the Matter of LORETTA ALEXANDER et al., Appellants, v YONKERS MUNICIPAL HOUSING AUTHORITY, Respondent. [721 NYS2d 268] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 15, 2000, which denied their application.

Ordered that the order is affirmed, with costs (*see, Glicksman v Board of Educ.,* 278 AD2d 364). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.

■ In the Matter of BRIAN FARRELL, Respondent, v KARL KAMPE et al., Appellants. [721 NYS2d 268] —In a proceeding pursuant to CPLR article 78, in effect, to compel the Nassau County Civil Service Commission to issue a determination on his application to reclassify the position of Assistant to the Director of Human Resources, Nassau County Medical Center, to the position of Assistant Director of Human Resources for Labor Relations, Nassau County Medical Center, the appeal is from a judgment of the Supreme Court, Nassau County (Davis, J.), dated February 22, 2000, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Contrary to the petitioner's argument, Civil Service Law § 22 does not impose a duty on the Nassau County Civil Service Commission to process his request to reclassify his former position as Assistant to the Director of Human Resources, Nassau County Medical Center. We note that the petitioner's alleged performance of out-of-title work would not, in any event, justify the reclassification he seeks (*see, Matter of Ainsberg v McCoy,* 26 NY2d 56, 59; *Matter of Goldhirsch v Krone,* 18 NY2d 178; *Matter of Mandle v Brown,* 5 NY2d 51, 62; *see also, Yakkey v County of Nassau,* 121 AD2d 716). The petitioner is improperly advancing a claim for retroactive pay for out-of-title work under the guise of a request for reclassification pursuant to Civil Service Law § 22. A grievance based on a claim for retroactive pay for out-of-title work is not the equivalent of a request for reclassification (*see, Town of Brookhaven v Civil Serv. Empls. Assn.,* 141 AD2d 630). Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.