OPINION OF THE COURT
Richard F. Kuhnen, J.
Petitioner, a Deputy Sheriff, was transferred by the Broome County Sheriff from the "Highway Patrol” to the "Jail Division”. He claimed that the transfer was in violation of section 70 of the Civil Service Law and was arbitrary and capricious and brought a proceeding under CPLR article 78 to review the transfer. The court, in a decision on November 17, 1978, rejected his contentions. He now seeks reargument on the ground that "the Court failed to consider and apply control *382 ling principles of law and that it acted upon a misapprehension of fact”.
The court has examined the arguments made by petitioner and the statutes and authorities cited and adheres to its previous holding.
The gravamen of petitioner’s case is that he was "transferred” without his consent, in violation of section 70 of the Civil Service Law, from the position of "Deputy Sheriff’ to that of "Corrections Officer”.
He is in error on two counts. He still holds the position of Deputy Sheriff and was not "transferred”, but was "reassigned” to correction duties, duties which are specifically included within the job specifications applicable to Broome County Deputy Sheriffs.
A "transfer” is defined by 4 NYCRR 1.2 (b) (1) as a "change * * * from a position under the jurisdiction of one appointing authority to a similar position under the jurisdiction of another appointing authority”. Petitioner’s position of Deputy Sheriff has not been changed and he is still under the jurisdiction of the same appointing authority, Sheriff Andrews. He has thus been merely "reassigned” — a "change * * * from one position to another similar position under the jurisdiction of the same appointing authority”. (4 NYCRR 1.2 [b] [2].) In fact, he has been "reassigned” only in the common use of the term as he still actually retains the same position.
The further contention of petitioner that the change may jeopardize his retirement benefits also appears to the court to be without substance, even if it could be considered by the court in this proceeding.
Section 89-a of the Retirement and Social Security Law provides an optional retirement plan for Deputy Sheriffs who have been certified as engaged in criminal law enforcement activities which aggregate 50% or more of their services. He has been so certified by Sheriff Andrews, but questions whether that certification will be binding upon the Comptroller when he retires, citing Matter of Westchester County, a decision of the State Comptroller on June 5, 1977. In that matter the record indicated that the Westchester County Sheriffs Department had three divisions — civil, criminal and operations or uniforms division and that the certification by the Sheriff erroneously included all three.
There is no doubt that petitioner here is still engaged in *383 criminal law enforcement activities, according to the affidavit of the assistant counsel for the New York Employees’ Retirement System. The counsel states that the Westchester case was followed by further discussions and correspondence with the Comptroller’s office and it was agreed "after extensive study and review, that jail guards would be included in the category of criminal law enforcement activities * * * This position is not subject to change except as a result of future legislative enactment”.
Although the court has examined the question raised by the petitioner as to the possible adverse effect of the change on his retirement rights, the court feels that the point is not relevant to the issue presented for review. That issue as previously pointed out is the right of the Sheriff to rotate his deputies as he deems advisable in his pursuit of efficiency and flexibility, within the provisions of the Civil Service Law, which the court holds he has done.
The court therefore reaffirms its previous decision herein.