OPINION OF THE COURT
Jones, J.
Although forest rangers attached to the Department of Environmental Conservation may not be required to enforce the State Penal Law per se they may be assigned to campsite security details for the enforcement of the Environmental Conservation Law and rules and regulations promulgated *540 thereunder, and the fact that conservation restrictions may parallel proscriptions of the Penal Law does not relieve them of their duty of enforcement.
Petitioner has been a duly appointed forest ranger in the New York State Department of Environmental Conservation, engaged primarily in forest fire prevention and control, since 1964. For Memorial Day weekend, 1976, he was assigned by his superior to a "Campsite Security Detail” at a State park camping area and was instructed to bring a service revolver. It appears that he accepted and discharged this assignment. He was again assigned to such duty for Labor Day weekend in September, 1976. On December 17, 1976 respondent Environmental Conservation Commissioner promulgated a revised Duty Statement for Forest Rangers by which rangers were required to be armed with concealable weapons and to provide security at State-operated campsites, day-use areas, special facilities or undeveloped sites when so assigned.
By this article 78 proceeding petitioner sought a declaration that the directions that he carry a concealable weapon and engage in campsite security detail were null and void and in violation of subdivision 2 of section 61 of the Civil Service Law ("Prohibition against out-of-title work”) and that respondent commissioner might not order petitioner to possess a weapon and engage in penal law enforcement activities until the Criminal Procedure Law should be amended to provide him with powers of a peace officer or a police officer. Special Term granted relief only to the extent of determining that the commissioner could not require petitioner to engage in campsite security detail with a service revolver until such time as he should be qualified to possess a service revolver. The Appellate Division modified the judgment to grant the petition in its entirety.
By virtue of the positions now taken by the parties the issue before us has been narrowed and defined. On oral argument counsel for the commissioner withdrew any opposition to petitioner’s request for a declaration that He may not now be required to carry weapons in the performance of his duties. Petitioner is therefore entitled to a determination to that effect.
In his brief the commissioner has disclaimed any suggestion that forest rangers may be required to enforce the Penal Law of the State; he contends however that he may require en *541 forcement by them of the Environmental Conservation Law and rules and regulations promulgated thereunder. Petitioner, on the other hand, concedes his obligation as a ranger to enforce that statute and the rules and regulations issued in furtherance of its enforcement, but disputes the authority of the commissioner to order him to enforce the Penal Law or any rules and regulations of the Environmental Conservation Department which "involve the full range of potential Penal Law violations”. The issue thus drawn is whether a forest ranger may be required to enforce provisions of the conservation statute or of ancillary rules and regulations if the violation of the statute, rule or regulation would also constitute a violation of the Penal Law, or whether the imposition of such duty is to be classified as a requirement of enforcement of the Penal Law that is beyond the scope of duties incidental to the position of forest ranger.
Critical to the resolution of this issue is a recognition of the status and function of the forest ranger. Section 9-0105 of the Environmental Conservation Law charges the Department of Environmental Conservation with the duty of the care, custody and control of specified State lands, including the State park campsite to which petitioner was assigned, and incidental to that duty authorizes the adoption by it of necessary rules and regulations. Article 71 of the statute — relating to enforcement — permits the Environmental Conservation Commissioner to designate employees of the department as enforcers of the statute, rules and regulations, and in consequence of such designation particular enforcement powers devolve upon them for exercise in the care and control of State lands (§§ 71-0201, 71-0525, 71-0705, 71-0907). Employees having the title of forest ranger are included, as they were in May and September, 1976, among those designated to enforce "the provisions of the Environmental Conservation Law and the rules, regulations and orders promulgated pursuant thereto” (6 NYCRR 641.1; see, also, predecessor rule, 6 NYCRR 641.2, repealed eff June 8, 1978).
It is thus apparent that the enforcement responsibility of the forest ranger focuses on provisions of the conservation statute and implementing rules, regulations and orders, rather than on the Penal Law. Indeed, the duty of general law enforcement on State park lands may accurately be said to be vested, within the department, in those employees who are defined as "police officers”, to wit, "sworn officer of the divi *542 sion of law enforcement in the department of environmental conservation”, a classification of department employees different and to be distinguished from forest rangers (CPL 1.20, subd 34, par £j]). This is not to say, however, that a forest ranger is absolved from responsibility for enforcement within his orbit of duty if the conduct which he must monitor happens also to be a violation of a Penal Law provision. The obligation of the ranger to compel compliance with restrictions, rules or orders issued for the preservation and control of State parks and property does not vanish because the infraction, by its nature, may serve additionally to subject the actor to criminal proceedings and penalties. A contrary result would effect a substantial and unwarranted impairment of the forest ranger’s authority and obligation to maintain and protect public lands and forests — a principal function of that employee within the Department of Environmental Conservation. Petitioner is therefore not entitled to a determination that he may not be assigned to campsite security details.
When so assigned, however, it must be observed that his responsibility is limited to enforcement of the conservation statute and rules, regulations and orders appropriately promulgated thereunder, utilizing, as necessary, such means and sanctions as may be authorized thereby, irrespective of whether Penal Law violations are simultaneously being committed.* If the latter be the case, he is not obliged to take steps to invoke criminal sanctions, even though applicable to the conduct that contravenes conservation regulations. In short, while petitioner may be directed to enforce rules promulgated by the department in execution of its responsibility with respect to public lands, he may not be required to enforce the Penal Law of the State.
Accordingly, the order of the Appellate Division, which granted the petition in its entirety, should be modified, without costs, and the matter remitted to Special Term for entry of a judgment granting the petition to the extent of declaring that respondent commissioner does not have authority to direct that petitioner, a forest ranger, carry weapons in the discharge of his duties or to direct that petitioner engage in enforcement of the Penal Law as such, but that the commissioner may direct petitioner to enforce the various applicable *543 provisions of the Environmental Conservation Law and rules, regulations and orders duly promulgated thereunder by such means as may be authorized thereby, without regard to the fact that the action or conduct involved might also be subject to criminal sanction, and, as so modified, affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur with Judge Jones.
Order modified, withofit costs, and the matter remitted to Special Term, for entry of a judgment in accordance with the opinion herein, and, as so modified, affirmed.

 Petitioner by his pleading has not challenged any regulation or rule governing use of park land or conduct by campers as not appropriately issued under the authority of the Conservation Department.