OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Petitioner commenced this article 78 proceeding seeking appointment to the position of Borough Foreman in the Department of Highways of the Transportation Administration of the City of New York, now the Department of Transportation. To qualify for this position one must pass a promotional examination and must have served permanently in the district foreman position for a total period of not less than one year prior to the date of promotion. Petitioner had successfully passed the examination and had served as district foreman for a period of nine months. However, before completing his one year of service as district foreman, he requested and received a demotion for personal reasons. Several years later petitioner asked to be reinstated to the eligible list, but his request was refused. Instead, he was appointed to the position of Acting Deputy Administrative Superintendent for Staten Island, and later to the position of acting administrative superintendent. Petitioner contends that both of these positions were higher on the administrative chain of command than is the position of district foreman, and as such they should be considered as satisfactory equivalent service for that position, thereby qualifying petitioner for the position he now seeks.
Even if we were to assume that the positions petitioner had been appointed to temporarily were higher on the administrative ladder than the position of district foreman, we do not think the concept of satisfactory equivalent service was properly applied by the Appellate Division. Satisfactory equivalent service traditionally has been applied where experience is required for eligibility to take an open competitive examination (see Matter of Murray v McNamara, 303 NY 140). How *828 ever, the present appeal does not involve such a situation. Rather, it involves an experience requirement for a promotional appointment.
Subdivision 2 of section 61 of the Civil Service Law provides that no credit shall be granted in a promotional examination for out-of-title work. This policy is equally applicable to promotional appointments. To hold otherwise would effectively undermine the concept of promotion on the basis of merit and fitness, since supervisors could favor certain employees for promotion over others simply by assigning them to a title in an acting capacity. Accordingly, it was reasonable for respondent, in interpreting the applicable regulation, to determine that petitioner was not eligible for promotion to the position of borough foreman.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.