In the Matter of RICHARD FITZPATRICK, as President of the Deputy Sheriffs Benevolent Association of Broome County, Local 2012, Council 82, American Federation of State, County and Municipal Employees, on Behalf of GARRY R. THOMPSON, Respondent, v ANTHONY RUFFO, as Sheriff of Broome County, et al., Appellants. — Weiss, J.

On December 19, 1983, Garry R. Thompson, a Broome County Deputy Sheriff for approximately 18 years, was assigned by respondent Anthony Ruffo, Sheriff of Broome County, to perform correction duties at the county jail. Until that time, he had been performing highway patrol duties. When Thompson was initially employed, Deputy Sheriffs were appointed at the discretion of the Sheriff, without examination, and performed a full range of duties, including highway patrol and corrections. This framework was altered in July 1973 when Broome County Deputy Sheriffs were placed in the competitive class of the civil service, thereafter to be hired only through the use of competitive examination. Thompson, having been employed for at least one year prior to the effective date of the new civil service requirements, was "grandfathered" into the competitive service. In January 1975, the first job specifications for Deputy Sheriff were promulgated and included correction duties, as do the current specifications. Job specifications were adopted for correction officers the following year, but Deputy Sheriffs nevertheless continued to perform correction duties. In fact, the record confirms that while the number of correction officers has steadily increased over the past four years, Deputy Sheriffs have regularly been assigned to correction duties during this same period.

Thompson initially contested his new assignment by submitting a grievance to respondents that the transfer violated the collective bargaining agreement between respondents and the Deputy Sheriffs Benevolent Association of Broome County (DSBA) and was punishment for his failure to issue a sufficient number of traffic tickets. After rejection of the grievance, DSBA made a demand for arbitration. Special Term granted a stay but also granted DSBA leave to convert the arbitration into a CPLR article 78 proceeding. As a result, petitioner, as president of DSBA, commenced the instant proceeding alleging that the assignment of Thompson to correction duties constituted (1) an out-of-title work assignment in violation of Civil Service Law § 61 (2); (2) an improper transfer in violation of Civil Service Law § 70 (1); (3) punishment for low productivity in violation of Labor Law § 215-a; and (4) a breach of the collective bargaining agreement. Special Term concluded that, absent a showing of a temporary emergency, the assignment violated Civil Service Law § 61 (2) as it required the performance of out-of-title work. In view of this decision, Special Term concluded that the second cause of action, premised on an improper transfer, was academic and also dismissed the last two causes of action.

The gravamen of this appeal is whether the assignment of Thompson to correction duties required him to perform out-of-title work in violation of Civil Service Law § 61 (2). "Determinative of what duties are properly performed within any given title are the job specifications for that title" (*Matter of Gavigan v McCoy*, 37 NY2d 548, 551). Here, a review of the pertinent job specifications reveals that correction duties are part of a Deputy Sheriff's general functions. The "General Statement of Duties" in the specifications includes, among other responsibilities, "corrections" tasks, and the "Distinguishing Features of the Class" reveals that Deputy Sheriffs may be: "*regularly* or *temporarily* assigned, by the Sheriff, to various divisions within the department. This work involves responsibility for the efficient performance of duties in a specified zone or detail during an assigned shift for purposes of implementing the traditional and principal functions of a law enforcement agency" (emphasis supplied). Included as "examples of work" that a Deputy Sheriff performs are the following: "Provides security and care for prisoners and other delivered to his custody" and "Assists with supervision of work details at the county jail". Clearly these specifications anticipate either a regular or temporary assignment of a Deputy Sheriff to any division in the Sheriff's Department, including corrections, and the full performance of all duties required of that assignment.

In our view, Special Term erred in focusing its analysis on a comparison of the principal functions of the titles of Correction Officer and Deputy Sheriff. Such a comparison is clearly warranted in determining whether the in-title duties of an employee entitle him to a different job title as a result of reclassification of civil service positions (*Matter of Gavigan v McCoy, supra; Matter of Goldhirsch v Krone,* 18 NY2d 178). This, however, is not an instance of reclassification. Rather, our concern is simply whether certain functions are properly included within a given title. In making this assessment, we need only review the job specifications of the title involved (*see, Matter of Gavigan v McCoy, supra,* p 551).

Nor does it matter that the positions of Correction Officer and Deputy Sheriff involve different civil service titles, examinations and qualifications, as well as an overlap of certain functions. Duties performed by those in one civil service title may also be exercised by those in another title (*Matter of Singer v Berle,* 46 NY2d 537). To hold otherwise, by suggesting Deputy Sheriffs cannot participate in correction functions, would work an unwarranted impairment of the Deputy Sheriffs' authority (*supra,* p 542). Moreover, there is nothing in this record to support Special Term's assumption that correction work is not a principal function of a Deputy Sheriff. Indeed, the job specifications suggest otherwise. As a result, we conclude that respondents did not violate Civil Service Law § 61 (2) by requiring Thompson to perform correction duties.

We further conclude that inasmuch as Thompson's assignment to correction duties did not involve out-of-title work, there has been no transfer in violation of Civil Service Law § 70 (1) (*see, Matter of Hanifin v Andrews,* 104 Misc 2d 381; *see also,* 4 NYCRR 1.2 [b] [1], [2]).

Judgment modified, on the law, without costs, by reversing so much thereof as declared that respondents violated Civil Service Law § 61 (2) and ordered respondents to reassign Garry R. Thompson from full-time duty as a Correction Officer to full-time duty as a Deputy Sheriff; declare that respondents' actions did not violate Civil Service Law § 61 (2) and § 70 (1) and dismiss the first two causes of actions in the petition; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.