■ JOHN BAGLIVI et al., Appellants, v ROBERT SISE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Director of Employee Relations of the Office of Court Administration, dated July 16, 1984, which denied the petitioners' out-of-title work grievance, and in which the petitioners also sought declaratory relief, the petitioners appeal from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated August 8, 1985, which dismissed the petition on the merits, and dismissed the application for a declaratory judgment.

Ordered that the judgment is modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor a provision declaring (1) that the Chief Administrator of the Office of Court Administration and the Chief Administrative Judge of the County of Nassau may lawfully direct the petitioners to guard juveniles in detention cells at the Family Court, Nassau County, and (2) that the Sheriff of Nassau County does not have exclusive control of detention cells housing juveniles in the Family Court, Nassau County. As so modified, the judgment is affirmed, without costs or disbursements.

Special Term correctly concluded that the determination of the Director of Employee Relations of the Office of Court Administration was not arbitrary or capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Gavigan v McCoy,* 37 NY2d 548; *Matter of Fitzpatrick v Ruffo,* 110 AD2d 1032, *affd* 66 NY2d 647). Based on the record before us, we have also determined that Special Term did not err when it found that the petitioners' request for declaratory relief with respect to the possible future use of court officers and senior court officers to guard prisoners in detention cells in courts other than the Family Court was premature *(see, American*

*Ins. Assn. v Chu,* 64 NY2d 379, *cert denied* — US —, 106 S Ct 36; *New York Public Interest Research Group v Carey,* 42 NY2d 527). However, since court officers currently guard juveniles in detention cells at the Family Court, the legality of their use for this purpose is ripe for judicial resolution. The petitioners' basic argument is that the detention cells in the various courts are merely an extension of the county jail and that the Sheriff of Nassau County therefore exercises exclusive jurisdiction over them. With respect to the Family Court, this argument clearly lacks merit. Family Court Act § 304.1 precludes the use of a county jail or other facility used to detain adults to house juveniles. No statute gives the County Sheriff custody over juveniles at any time. Therefore, the detention cells at the Family Court are clearly not an extension of the county jail or otherwise under the exclusive jurisdiction of the Sheriff. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.