■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Respondents, v NEW HYDE PARK/GARDEN CITY PARK UNION FREE SCHOOL DISTRICT, Appellant. [646 NYS2d 160] —In an action, *inter alia,* for a declaratory judgment and to enjoin the defendants from violating Civil Service Law § 61 (2), the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Kohn, J.), entered July 19, 1995, which granted the plaintiffs' motion for summary judgment, declared that requiring the plaintiff Lynn Marchese, in her position as a registered professional school nurse, and "all other similarly situated employees" to watch a security monitor, violated Civil Service Law § 61 (2), and enjoined the defendants from using the plaintiff Lynn Marchese "for performing security duties, monitoring of security monitors,

and/or being responsible for allowing persons entrance into the schools".

Ordered that the order and judgment is affirmed, with costs.

It was common practice for school nurses to admit visitors to the school when the school secretary was at lunch or on break. The instant controversy arose when the defendants installed a video monitor on the desk of the plaintiff Lynn Marchese, a registered professional school nurse, and Mrs. Marchese's principal directed her to keep the monitor on at all times that she was in the office. There is a substantial difference between admitting visitors when the school secretary is not available and the monitoring of security monitors and/or being responsible for allowing persons into the schools. These additional responsibilities do not fall within the "general statement of duties" of a registered professional school nurse, and do not constitute "related work" *(cf., Matter of Civil Serv. Empls. Assn. v New York State Unified Ct. Sys.,* 221 AD2d 694). Accordingly, the imposition of those responsibilities violated Civil Service Law § 61 (2). The defendants' contentions to the contrary are without merit. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.