SECOND DEPARTMENT, NOVEMBER, 2003

(November 3, 2003)

■ AARON ALLEN, Appellant, v ALICIA METZ, Respondent, et al., Defendant. [766 NYS2d 860]—

In an action, inter alia, for an accounting and to set aside an assignment of assets under Business Corporation Law § 720 (a), the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated June 21, 2002, as granted the motion of the defendant Alicia Metz for summary judgment dismissing the complaint insofar as asserted against her and denied his motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the complaint insofar as asserted against the defendant Alicia Metz. Metz, a former corporate officer of the defunct defendant Bechtoldt Corporation (hereinafter Bechtoldt), established through her testimony that the assignment of leases made by Bechtoldt to Metz and another person was for a legitimate business purpose, and was fair and reasonable to Bechtoldt (*see Norlin Corp. v Rooney, Pace Inc.*, 744 F2d 255, 265 [1984]). The assignment was made by Bechtoldt, as the managing agent for certain cooperative apartment corporations, for the purpose of enabling Metz to

commence summary proceedings, inter alia, for the nonpayment of rent by delinquent tenants of the respective cooperatives. Thus, Metz made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact that the assignment was unlawful (*see* Business Corporation Law § 720 [a] [2]).

The plaintiff's remaining contentions either are academic or without merit. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.