In an action, inter alia, for a judgment declaring that the County of Nassau’s assignment of correction officers to transport inmates violates Civil Service Law § 61 (2), the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Phelan, J.), dated May 6, 2002, which granted the motion of the defendant Sheriff Officers Association, Inc., in which the defendants County of Nassau and Nassau County Civil Service Commission joined, for summary judgment, denied their cross motion for summary judgment, and declared that the County of Nassau may assign correction officers to transport inmates and that such assignments do not violate Civil Service Law § 61 (2).
Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The defendants established their entitlement to summary judgment by submitting evidence sufficient to demonstrate that the County of Nassau did not violate Civil Service Law § 61 (2) (see Gavigan v McCoy, 37 NY2d 548 [1975]; Civil Serv. Empls. Assn. v New Hyde Park/Garden City Park Union Free School Dist., 230 AD2d 702 [1996]; Matter of Fitzpatrick v Ruffo, 110 AD2d 1032, 1034 [1985], affd 66 NY2d 647 [1985]; Glasbrenner v Bellacosa, 139 AD2d 491 [1988]; cf. Matter of MacRae v Dolce, 273 AD2d 389 [2000]; Woodward v Governor’s Off. of Empl. Relations, 279 AD2d 725 [2001]). In response, the plaintiffs failed to submit proof sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Consequently, the Supreme Court properly granted the defendants’ motion for summary judgment (see Matter of Babor v Nassau County Civ. Serv. Commn., 297 AD2d 342 [2002]).
The plaintiffs’ remaining contentions are without merit. Santucci, J.E, Krausman, Schmidt and Rivera, JJ., concur.