■ In the Matter of REGINA HEALY, Respondent, v COUNTY OF NASSAU et al., Appellants. [796 NYS2d 377]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated May 1, 2003, which denied the petitioner's application for appointment to the civil service title of Police Forensic Scientist II, the appeal is from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered January 9, 2004, which granted the petition, annulled the determination, and directed that the County of Nassau and the County of Nassau Civil Service Commission appoint the petitioner to the civil service title of Police Forensic Scientist II.

Ordered that the judgment is affirmed, with costs.

To qualify for the civil service title of Police Forensic Scientist II, an applicant with a masters degree in forensic science is required to have three years of satisfactory experience, acquired within the previous five years, performing forensic science laboratory analysis in the area of criminalistics. The appellants denied the petitioner's application for appointment to the title

because she did not meet the experience requirement, although the petitioner has a masters degree in forensic science. Specifically, the appellants refused to credit the petitioner with the experience she claimed she acquired in a previously-held civil service title. The appellants contend that, assuming the requisite experience was acquired in such other title, it was "out-of-title" work which, pursuant to Civil Service Law § 61 (2), the appellants were barred from considering.

Pursuant to Civil Service Law § 61 (2), when considering an applicant's qualifications for promotional appointments, no credit can be given for "out-of-title" work (see *Quigley v Roche,* 51 NY2d 826, 828 [1980]). However, work is not considered "out-of-title" where it is related to, similar in nature to, or a reasonable outgrowth of, the "in-title" work (see *Matter of Woodward v Governor's Off. of Empl. Relations,* 279 AD2d 725, 726-727 [2001]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME v Angello,* 277 AD2d 576, 578 [2000]; *Civil Serv. Empls. Assn. v New Hyde Park/Garden City Park Union Free School Dist.,* 230 AD2d 702, 703 [1996]).

The petitioner established that, under her previously-held title of Forensic Medical Investigator I (hereinafter FMI I), she acquired the required experience in forensic science laboratory analysis in the area of criminalistics. In this regard, irrespective of whether such experience was an officially-specified duty of the position, the petitioner demonstrated that the forensic science laboratory analysis she engaged in as an FMI I was, at a minimum, substantially related to, or a reasonable outgrowth of, the specified duties of the title. Accordingly, the denial of the petitioner's application for appointment as a Police Forensic Scientist II, on the basis that she acquired the relevant experience in an "out-of-title" position, was arbitrary and capricious. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.