■ SCARSDALE ASSOCIATION OF EDUCATIONAL SECRETARIES et al., Appellants, v BOARD OF EDUCATION OF SCARSDALE UNION FREE SCHOOL DISTRICT et al., Respondents. [861 NYS2d 421]—

In a hybrid action, inter alia, for injunctive relief, and proceeding, in effect, pursuant to CPLR article 78 to review a determination of the Scarsdale Union Free School District dated January 6, 2005, that certain employee responsibilities did not constitute "out-of-title" work within the meaning of the Civil Service Law, the plaintiffs-petitioners appeal from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered May 3, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 2004 the Scarsdale Union Free School District (hereinafter the School District) implemented a "single point of entry system" in each of its elementary schools. Pursuant to that system, a school's doors would be locked from the time the students arrived until the time they were dismissed. In order for a visitor to get inside, the visitor had to go to the school's main entrance, which was monitored by a video camera, and ring a doorbell. The individual plaintiffs-petitioners, who were secretaries and typists working at the schools, were given the responsibility of granting the visitors access to the schools. Thus, upon hearing the doorbell, the individual plaintiffs-petitioners would look at a monitor, see that a visitor wanted to come inside, and press a "buzzer" to remotely unlock the door to the main entrance.

In 2006 the School District implemented a system whereby contractors who were performing work within the elementary schools were required to wear badges identifying themselves as contractors. The individual plaintiffs-petitioners were given the responsibility of providing the contractors with the badges.

In the instant hybrid action and proceeding, the plaintiffs-petitioners allege that their new responsibilities were not required by their job descriptions, and thus, those responsibilities constituted "out-of-title" work within the meaning of the Civil Service Law.

Civil Service Law § 61 (2) prohibits out-of-title work except

during an emergency situation (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME v Angello,* 277 AD2d 576, 578 [2000]). However, work is not considered out-of-title if it is related to, similar in nature to, or a reasonable outgrowth of, the employee's "in-title" work (*see Matter of Healy v County of Nassau,* 18 AD3d 873, 874 [2005]). The job specifications for any given title will dictate what duties are properly performed under that title (*see Matter of Gavigan v McCoy,* 37 NY2d 548, 551 [1975]; *Donegan v Nadell,* 113 AD2d 676, 681-682 [1986]).

Here, the record demonstrates that the directives requiring the individual plaintiffs-petitioners to use the surveillance monitors and buzzers to admit visitors, and to supply contractors with identification badges, are a reasonable outgrowth of their in-title work. Indeed, according to the job specifications for typists, a typist's job duties include, inter alia, "receiv[ing] visitors, ascertain[ing] their business and direct[ing them] to appropriate staff members." In addition, the job specifications for secretaries contemplate, inter alia, secretaries having "a considerable amount of contact with the public." The mere overlap of the individual plaintiffs-petitioners' job responsibilities with the responsibilities set forth in the job specifications of the schools' security workers does not mandate the conclusion that the individual plaintiffs/petitioners are performing out-of-title work (*see Matter of Fitzpatrick v Ruffo,* 110 AD2d 1032, 1033-1034 [1985], *affd* 66 NY2d 647 [1985]; *Matter of Woodward v Governor's Off. of Empl. Relations,* 279 AD2d 725, 726 [2001]).

The School District's determination that those responsibilities did not constitute out-of-title work has a rational basis. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (*see* CPLR 7803 [3]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME v Angello,* 277 AD2d at 578). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.