Judgment, Supreme Court, Bronx County (Patricia Williams, J.), entered September 29, 2008, inter alia, denying declaratory and injunctive relief and dismissing a CPLR article 78 proceeding, unanimously modified, on the law, to declare that petitioners lack standing to bring this proceeding for enforcement of Housing Maintenance Code (Administrative Code of City of NY) § 27-2013 (a) (2) and (b) (2), and otherwise affirmed, without costs.
Petitioners, residents of public housing apartments owned and operated by respondent New York City Housing Authority (NYCHA) and a labor union representing apartment painters and painting supervisors employed by NYCHA, seek a judgment (1) enjoining NYCHA from carrying out a plan restructuring its *608 procedures for painting tenant apartments that eliminates most of its paint supervisor positions, reassigns paint supervisors to painter positions, and shifts responsibility for the supervision of contracted paint jobs from painting supervisors to housing development managers responsible for oversight of other contractors, and (2) granting declaratory relief and compelling NYCHA’s compliance with the Housing Maintenance Code requirements that it repaint tenants’ apartments every three years—which NYCHA concedes it has failed to do—and repaint or recover surfaces in the public areas of housing projects when required to keep them sanitary (Administrative Code § 27-2013 [a] [2]; [b] [2]). Only the Commissioner of the New York City Department of Housing Preservation and Development is authorized to seek such relief or other sanctions and remedies for violations of the Housing Maintenance Code (NY City Charter § 1802 [1]; Administrative Code §§ 27-2120, 27-2121, 27-2122). Therefore, petitioners do not have a private right of action for the injunctive and declaratory relief sought. Nor may petitioners enforce the Housing Maintenance Code through- 42 USC § 1983. Compliance with a housing code is not an unambiguously confirmed right secured by the force of federal law (see generally Gonzaga Univ. v Doe, 536 US 273, 283, 290 [2002]) or the United States Constitution (see Lindsey v Normet, 405 US 56, 74 [1972]), and United States Housing Act of 1937 (42 USC) § 1437d (1) (3), which obligates public housing authorities to maintain projects “in a decent, safe, and sanitary condition,” “does not create a right enforceable under § 1983 to proper maintenance of the housing project” (Concerned Tenants Assn. of Father Panik Vil. v Pierce, 685 F Supp 316, 322 [D Conn 1988]; see also Thompson v Binghamton Hous. Auth., 546 F Supp 1158, 1183 [ND NY 1982]).
There is also no merit to petitioners’ claim that NYCHA violated the prohibition in Civil Service Law § 61 (2) against assigning civil servants to out-of-title work by assigning housing development management to supervise painting contractor work that had previously been supervised by NYCHA’s painting supervisors. Such supervisory work clearly falls within the official statement of duties attending the positions of housing managers and building superintendents (see Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d 572 [2008], lv denied 11 NY3d 710 [2008]). NYCHA’s method of calculating employee seniority based on the date the employee actually reported for work on a permanent basis, and not, as petitioners urge, on the date the employee was given notice of having been hired, is a rational reading of Civil Service Law § 80 (1) and (2). NYCHA demon *609 strates that the restructuring plan was motivated by economic and administrative concerns and was not otherwise arbitrary and capricious (see Matter of Saur v Director of Creedmoor Psychiatric Ctr., 41 NY2d 1023 [1977]). We have considered petitioners’ other arguments and find them to be without merit. We modify solely to declare in NYCHA’s favor (Lanza v Wagner, 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]). Concur— Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.