■ In the Matter of Raritan Baykeeper, Inc., Doing Business as NY/NJ Baykeeper, et al., Appellants, v Joseph J. Martens, as Commissioner of New York Department of Environmental Conservation, et al., Respondents. [39 NYS3d 32]—

In a proceeding pursuant to CPLR article 78 to review a determination by Joseph J. Martens, Commissioner of the New York Department of Environmental Conservation, dated May 21, 2012, confirming the determination of an administrative law judge, made after an issues conference pursuant to 6 NYCRR 624.4 (b), denying the petitioners' request for full party status pursuant to 6 NYCRR 624.5 (b) and cancelling an adjudicatory hearing, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Bunyan, J.), dated August 5, 2013, as, upon a decision dated April 16, 2013, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In keeping with a Solid Waste Management Plan (hereinafter SWMP) adopted by the New York City Department of Sanitation (hereinafter DSNY) in October 2006 and approved by the New York State Department of Environmental Conservation (hereinafter DEC), DSNY proposed to construct marine

transfer stations (hereinafter MTS) at four locations throughout New York City. At the MTS, waste would be unloaded from collection vehicles and packed into leak-proof containers for transport via barges to intermodal facilities, where they would be transferred to ships or trains. The location in issue on this appeal is on DSNY-owned land adjacent to Gravesend Bay in the Bensonhurst section of Brooklyn.

The project site was zoned M3-1 (manufacturing and industrial uses) and had formerly been the site of the Southwest Brooklyn Incinerator, which ceased operations in 1991 and was demolished in 2004 or 2005. In 2005, DSNY prepared a Final Environmental Impact Statement for review under the New York State Environmental Quality Review Act (hereinafter SEQRA), as lead agency for SEQRA review.

At issue here is a combined application by DSNY for solid waste management, tidal wetlands, and use and protection of waters permit. In August 2007, DEC issued a combined draft permit to DSNY to enable it to construct and operate the proposed facility.

The petitioners, a combination of environmental groups and area residents, led by New York State Assembly Member William A. Colton, challenged the draft permit and requested full party status pursuant to 6 NYCRR 624.5 (b) and an adjudicatory hearing pursuant to 6 NYCRR 624.4 (b) and (c), focusing on issues related to public health, safety, and welfare, and to the environment. The request was referred to an administrative law judge (hereinafter ALJ) for an issues conference pursuant to 6 NYCRR 624.4 (b). After the conference, the ALJ found that there were no issues for adjudication, cancelled the adjudicatory hearing, and denied the petitioners full party status pursuant to 6 NYCRR 624.5 (d) (1). The petitioners appealed to the DEC Commissioner (hereinafter the Commissioner). The Commissioner affirmed the ruling of the ALJ subject to minor modifications relating to DSNY's duty to disclose information to the public and the DEC.

The petitioners then commenced the instant proceeding pursuant to CPLR article 78. After imposing additional conditions relating to public disclosure, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

Since the administrative determination was made after an issues conference, as opposed to a quasi-judicial evidentiary hearing, the question before the court was not whether the determination was supported by substantial evidence but whether the "determination was made in violation of lawful

procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 385 [1995]; *Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732, 733 [2006]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

6 NYCRR part 360, which governs the construction and operation of solid waste management facilities (*see* 6 NYCRR 360-1.1; *Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation*, 92 AD3d 123, 128 [2011]), provides that a permit to construct a solid waste management facility may be granted only if the plans and data submitted in support of the application demonstrate that the applicant can operate the proposed facility in accordance with applicable statutes and regulations, and that the facility is consistent with the solid waste management policies of the State and the municipality (*see* 6 NYCRR 360-1.10 [a]). 6 NYCRR 360-1.11 (a) (1) provides that, to insure that the permitted activity will not result in a significant adverse impact to public health, safety, and welfare, or to the environment and natural resources, and to ensure compliance with laws and regulations, the DEC may impose appropriate conditions on a permit. 6 NYCRR 360-1.11 (a) (1) authorizes the imposition of conditions on solid waste facility permits, but does not provide an independent basis for denying a permit application (*see Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation*, 92 AD3d at 128). Pursuant to 6 NYCRR 624.5 (b), a third party may seek full party status entitling it to be heard on the permit by identifying an adjudicable issue and presenting an offer of proof (*see* 6 NYCRR 624.5 [b] [2]). An ALJ must then hold an issues conference and determine whether full party status should be granted and whether there are adjudicable issues (*see* 6 NYCRR 624.4 [b] [2] [i], [iii]). An issue is adjudicable where it is "both substantive and significant" (6 NYCRR 624.4 [c] [1] [iii]; *see* 6 NYCRR 621.8 [b]). "An issue is substantive if there is sufficient doubt about the applicant's ability to meet statutory or regulatory criteria applicable to the project, such that a reasonable person would require further inquiry" (6 NYCRR 624.4 [c] [2]). "An issue is significant if it has the potential to result in the denial of a permit, a major modification to the proposed project or the

imposition of significant permit conditions in addition to those proposed in the draft permit" (6 NYCRR 624.4 [c] [3]). Where DEC staff have determined that a component of the applicant's project, as proposed, or after the imposition of conditions, conforms to applicable law and regulations, "the burden of persuasion is on the potential party proposing any issue related to that component to demonstrate that it is both substantive and significant" (6 NYCRR 624.4 [c] [4]; *see Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation*, 42 AD3d 857, 859 [2007]).

Here, the DEC's determination that the petitioners failed to meet that burden of persuasion was not arbitrary and capricious. Contrary to the petitioners' contention, the DEC properly declined to address SEQRA issues, which did not implicate any of its own regulations (6 NYCRR 624.4 [c] [6] [ii] [*b*] [*1*], [*2*]). Furthermore, although the petitioners submitted various evidence and expert statements to challenge the permit application, and asserted that DSNY's plans to prevent or mitigate contamination were inadequate, they failed to point to specific defects or omissions in those plans, instead relying on conclusory assertions.

The Supreme Court properly declined to consider new evidence submitted by the petitioners on the ground that its review was confined to the administrative record (*see Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]).

The petitioners' remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.