In the Matter of CHRISTOPHER MANNING, as President and on Behalf of Suffolk County Court Employees Association, Appellant, v NEW YORK STATE-UNIFIED COURT SYSTEM et al., Respondents. [60 NYS3d 251]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Acting Deputy Director of Labor Relations of the New York State Unified Court System dated October 22, 2014, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Farneti, J.), dated November 6, 2015, which, upon a decision of the same court dated September 23, 2015, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner filed a grievance with the Unified Court System (hereinafter the UCS) alleging that Court Office Assistants had been given responsibilities constituting out-of-title work. The petitioner alleged that Court Office Assistants were being assigned to perform clerical duties as the "second seat" within the courtroom of the D-11 Arraignment Part in Suffolk County District Court. After a grievance meeting, the Acting Deputy Director of Labor Relations of the UCS (hereinafter the Deputy Director) issued a determination denying the grievance. The Deputy Director concluded that the duties which allegedly constituted out-of-title work were reasonably related to the duties described in the Court Office Assistant title standard.

The petitioner subsequently commenced this CPLR article 78 proceeding to review the Deputy Director's determination. In a decision, the Supreme Court concluded that the challenged duties did not constitute out-of-title work and that the administrative determination was not arbitrary or capricious. In a judgment entered upon the decision, the court denied the petition and dismissed the proceeding. The petitioner appeals from the judgment. We affirm.

The petitioner contends that the Supreme Court erred in failing to apply the "substantial evidence" standard of review in deciding the petition (CPLR 7803 [4]). Contrary to the petitioner's contention, "a 'substantial evidence' question is presented only where a quasi-judicial evidentiary hearing has been held" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). The fact that the petitioner had the "right to be heard . . . and to present facts in support of [his] position" at a grievance meeting (*id.* at 770) did not render the grievance meeting "a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4)" (*Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.*, 123 AD2d 619, 619 [1986]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d at 770). Since the administrative determination in this case was made after a grievance meeting, as opposed to a quasi-judicial evidentiary hearing, the court properly concluded that the relevant standard of review was whether the "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Raritan Baykeeper, Inc. v Martens*, 142 AD3d 1083, 1084-1085 [2016]; *Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732, 733 [2006]).

The petitioner further contends that the Deputy Director's determination was arbitrary and capricious. "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). "In applying the 'arbitrary and capricious' standard, a court inquires whether the determination under review had a rational basis" (*Matter of Halperin v City of New Rochelle*, 24 AD3d at 770; *see Matter of 25-50 FLB, LLC v Srinivasan*, 116 AD3d 1056, 1056 [2014]).

Here, the petitioner's contention that the Deputy Director's

determination, that the challenged duties did not constitute out-of-title work, was arbitrary and capricious is without merit. "Civil Service Law § 61 (2) prohibits out-of-title work except during an emergency situation" (*Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist.*, 53 AD3d 572, 573-574 [2008]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME v Angello*, 277 AD2d 576, 578 [2000]). "However, work is not considered out-of-title if it is related to, similar in nature to, or a reasonable outgrowth of, the employee's 'in-title' work" (*Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist.*, 53 AD3d at 574; *see Matter of Healy v County of Nassau*, 18 AD3d 873, 874 [2005]). "Determinative of what duties are properly performed within any given title are the job specifications for that title" (*Matter of Gavigan v McCoy*, 37 NY2d 548, 551 [1975]; *see Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist.*, 53 AD3d at 574).

Here, the job specifications for the title of Court Office Assistant provide that "Court Office Assistants work . . . on a variety of office clerical and administrative support tasks, such as checking, filing, and sorting court papers, obtaining and copying information, [and] retrieving material from files." The job specifications further provide that a Court Office Assistant "[c]opies information from calendars, case folders, case records, orders or other source documents onto court records, forms, and documents." A Court Office Assistant also "prepares file folders, guides, indices, and labels," "[u]pdates court records after court appearances," and "[a]ssigns index, docket, control, or calendar numbers to incoming cases, records them on court records, and prepares case folder[s]." Inasmuch as the petitioner failed to identify any duty that has been assigned to Court Office Assistants that is not related to the types of general tasks enumerated in the relevant title standard, the Deputy Director's conclusion that the challenged duties were reasonably related to the duties described in the Court Office Assistant title standard was not arbitrary or capricious (*see Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist.*, 53 AD3d at 573-574; *Matter of Quatrochi v City of New Rochelle*, 7 AD3d 630, 631 [2004]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.