Matter of Husamudeen v DeBlasio (2020 NY Slip Op 01165)





Matter of Husamudeen v DeBlasio


2020 NY Slip Op 01165


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-08083
2019-00827
 (Index No. 4247/18)

[*1]In the Matter of Elias Husamudeen, et al., appellants,
v
Bill DeBlasio, etc., et al., respondents. (Appeal No. 1.)
In the Matter of Elias Husamudeen, et al., appellants,
et al., petitioners,
v
Bill DeBlasio, etc., et al., respondents. (Appeal No. 2.)


Koehler & Isaacs LLP, New York, NY (Howard Wien of counsel), for appellants Elias Husamudeen and Correction Officers' Benevolent Association, Inc.
James E. Johnson, Corporation Counsel, New York, NY (Elina Druker and Fay Ng of counsel), for respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition to prohibit the City of New York from recruiting, selecting, training, or assigning Correction Officers, Correction Captains, and Assistant Deputy Wardens to specialized juvenile detention facilities established pursuant to Correction Law § 500-p, (1) the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 5, 2018, and (2) the petitioners Elias Husamudeen and Correction Officers' Benevolent Association also appeal from an order of the same court dated December 4, 2018. The order and judgment denied the petitioners' motion for a preliminary injunction, in effect, granted the respondents' cross motion to dismiss the petition, and dismissed the proceeding. The order denied the motion of the petitioners Elias Husamudeen and Correction Officers' Benevolent Association for leave to renew the petitioners' motion for a preliminary injunction and their opposition to the respondents' cross motion, and for leave to amend the petition to add additional claims.
ORDERED that the separate appeals from the order and judgment by the petitioners Patrick Ferraiuolo and Correction Captains Association and the petitioners Faisal Zouhbi and Assistant Deputy Wardens/Deputy Wardens Association are deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that the order and judgment is affirmed on the appeal by the petitioners Elias Husamudeen and Correction Officers' Benevolent Association, Inc.; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In April 2017, the New York State Legislature enacted legislation raising the age of criminal responsibility in New York from 16 years of age to 18 years of age (see L 2017, ch 59, § 1, Part WWW, codified at CPL art 722 [hereinafter the Raise the Age law]). The change was to be implemented over a two-year period, raising the age of criminal responsibility from 16 years of age to 17 years of age beginning on October 1, 2018, and to 18 years of age beginning on October 1, 2019 (see Penal Law § 30.00). Significantly, the Raise the Age law prohibits the detention of youths under 16, and under 17 beginning on October 1, 2019, in any "prison, jail, lockup, or other place used for adults" convicted or charged with a crime (CPL 510.15[1]). In New York City, Correction Law § 500-p "accelerates the implementation of these limitations with respect to Rikers Island, the primary detention complex utilized by the New York City Department of Correction" (Mark Bonacquist, Practice Commentaries, McKinney's Cons Laws of NY, Book 10B, Correction Law § 500-p). It prohibits the confinement on Rikers Island of any offender younger than 18 years of age on or after April 1, 2018, to the extent practicable, and in any case on or after October 1, 2018 (see Correction Law § 500-p). Instead, such an offender must be placed in a "specialized juvenile detention facility" (hereinafter SJDF) certified by the Office of Children and Family Services in conjunction with the Commission of Correction, and operated by the New York City Administration for Children's Services (hereinafter ACS) in conjunction with the New York City Department of Correction (hereinafter DOC) (id.).
In 2018, the City announced its intention to assign certain DOC uniformed service members—approximately 300 Correction Officers (hereinafter COs) and approximately 40 Correction Captains, Assistant Deputy Wardens, and Deputy Wardens—to the City's only SJDF, the Horizon Juvenile Detention Center (hereinafter Horizon), located in the Bronx. The City intended that the DOC uniformed service members would be assigned for staffing support for the first 24 months of implementation while ACS hired and trained staff to handle the population of older youth transferred from Rikers Island, although the City contemplated that some DOC uniformed support members would remain permanently.
The instant proceeding was commenced by Elias Husamudeen and the Correction Officers' Benevolent Association, Inc. (hereinafter together the COBA petitioners), Patrick Ferraiuolo and the Correction Captains Association (hereinafter together the CCA petitioners), and Faisal Zouhbi and the Assistant Deputy Wardens/Deputy Wardens Association (hereinafter together the ADW/DWA petitioners). The petitioners collectively represented approximately 12,000 uniformed service members of the DOC. The petition sought, inter alia, to prohibit the City from recruiting, selecting, training, or assigning COs, Correction Captains, and Assistant Deputy Wardens to SJDFs established pursuant to Correction Law § 500-p. The petitioners allege that the assignment of COs to staff Horizon constitutes (1) out-of-title work assignments in violation of Civil Service Law § 61(2), (2) involuntary transfers in violation of Civil Service Law § 70(1), (3) reclassification of their work without certification in violation of Civil Service Law § 22, and (4) a violation of statutory job notice requirements in violation of Civil Service Law § 51.
The petitioners moved for a preliminary injunction, and the respondents cross-moved pursuant to, inter alia, CPLR 3211(a)(7) and 7804(f) to dismiss the petition on the grounds that it fails to state a cause of action and the petitioners failed to exhaust their administrative remedies under their respective collective bargaining agreements. By order and judgment entered July 5, 2018, the Supreme Court denied the petitioners' motion for a preliminary injunction, in effect, granted the respondents' cross motion to dismiss the petition, and dismissed the proceeding.
Thereafter, the COBA petitioners moved, based upon newly discovered evidence, for leave to renew the petitioners' motion and their opposition to the respondents cross motion, and for leave to amend the petition to add additional claims. By order dated December 4, 2018, the Supreme Court denied the motion.
The COBA petitioners, the CCA petitioners, and the ADW/DWA petitioners each filed a notice of appeal from the order and judgment, and the COBA petitioners also filed a notice of appeal from the order. However, only the COBA petitioners perfected their appeals in accordance with the rules governing the perfection of appeals (see 22 NYCRR 1250). The CCA petitioners did [*2]not attempt to perfect their appeal, so their appeal must be deemed dismissed pursuant to 22 NYCRR 1250.10(a). While counsel for the ADW/DWA petitioners signed a reply brief purportedly submitted on behalf of both the COBA petitioners and the ADW/DWA petitioners, and stated in the reply brief that the ADW/DWA petitioners joined in the main brief submitted by the COBA petitioners nunc pro tunc, this was an ineffective attempt by the ADW/DWA petitioners to perfect their appeal (see 22 NYCRR 1250.5, 1250.8, 1250.9). Accordingly, the appeal by the ADW/DWA petitioners also must be deemed dismissed pursuant to 22 NYCRR 1250.10(a).
" Civil Service Law § 61(2) prohibits out-of-title work except during an emergency situation'" (Matter of Manning v New York State-Unified Ct. Sys., 153 AD3d 623, 625, quoting Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d 572, 573-574). "However, work is not considered out-of-title if it is related to, similar in nature to, or a reasonable outgrowth of, the employee's in-title' work" (Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d at 574; see Matter of Healy v County of Nassau, 18 AD3d 873, 874). "Determinative of what duties are properly performed within any given title are the job specifications for that title" (Matter of Gavigan v McCoy, 37 NY2d 548, 551; see Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d at 574).
Here, the record demonstrates that the duties the COs are expected to perform at Horizon are related to, similar in nature to, or a reasonable outgrowth of, their in-title work (see Scarsdale Assn. of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d at 574; Arciello v County of Nassau, 1 AD3d 300). The mere overlap of the COs' job responsibilities at Horizon with the responsibilities set forth in the job specifications of ACS's new Youth Development Specialist title does not mandate the conclusion that COs will be performing out-of-title work (see Scarsdale Assn of Educ. Secretaries v Board of Educ. of Scarsdale Union Free School Dist., 53 AD3d at 574; Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d 725, 726; Matter of Fitzpatrick v Ruffo, 110 AD2d 1032, 1033-1034, affd 66 NY2d 647).
Inasmuch as the assignment of COs to Horizon does not involve out-of-title work, there will be no transfer in violation of Civil Service Law § 70(1) (see Matter of Renner v Broome County, 273 AD2d 778, 781; Matter of Fitzpatrick v Ruffo, 110 AD2d at 1034; see also 4 NYCRR 1.2 [b][1], [2]), creation of a new civil service position, or reclassification of an existing civil service position (see Civil Service Law §§ 22, 51).
The new facts offered by the COBA petitioners in support of that branch of their motion which was for leave to renew the prior motion and their opposition to the cross motion would not change the prior determination (see CPLR 2221[e][2]). On appeal, the COBA petitioners have not made any argument in support of their request for reversal of so much of the order as, in effect, denied that branch of their subsequent motion which was for leave to amend the petition.
Accordingly, we agree with the Supreme Court's determinations, inter alia, dismissing the petition and denying the COBA petitioners' motion.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court